# Caudle *v.* Commissioners Court of Talladega County.

*Petition for Mandamus.*

[Decided June 30, 1905.]

1. *Statutes; Stock Law.*—That portion of the general stock law act, approved September 29, 1903, (General Acts 1903, p. 431), providing for an election to repeal existing stock law or stock laws, upon petition by a majority of the land owners of the county, precinct or subdivision, has reference to laws then existing, and where at that time there was a stock law existing for an entire precinct, no election was authorized for a repeal thereof as to a part or subdivision of such precinct.

APPEAL from the Talladega City Court.
Heard before the Hon. G. K. MILLER.
The facts in this case are sufficiently shown by the opinion.

W. B. HARRISON, for appellant.

KNOX, DIXON & BURR, for appellee.

DOWDELL, J.—The appeal in this case is prosecuted from the judgment of the city court of Talladega sustaining a demurrer to the petition praying for a writ of mandamus and dismissing said petition.

On February 17, 1899, a stock-law was established in precinct No. 11 of Talladega county, by an act of the legislature approved on that day;—Acts 1898-9 page 913. On the 14th day of November, 1904, the petitioner, R. B. Caudle with others, presented to the court of county commissioners of Talladega county, a petition seeking, under the provisions of the act approved September 29th, 1903, (General Acts 1903, page 431) a repeal of the existing stock-law established under the said act of

[Caudle v. Commissioners Court of Talladega County.]

February 17th, 1899, not as to the whole of precinct 11, but as to a portion of that precinct particularly described in the petition. This petition, it appears, was on motion stricken from the files by the court of county commissioners on the alleged ground that said court had no authority under the law to order an election to repeal an existing stock-law as to a *portion* of the *precinct,* where such existing stock-law embraced the *whole precinct.* The present petition is for a mandamus to compel said court of county commissioners to vacate and annul said order striking said petition, and to proceed to a hearing and determination of the same.

If the court of county commissioners had no authority under the law to order an election on the petition filed before that court, it is quite clear that the application for a mandamus was properly denied. The determination of this question calls for a construction of the act of September 29th, 1903, above mentioned. Section 16 of this act reads as follows: "To secure an order for an election to repeal existing stock-law or stock-laws a petition signed by a majority of the land owners of the county or precinct or sub-division whose land lies outside of any incorporated city or town shall be necessary; said petition to be verified by affidavit of two or more, showing that petitioners (are) land owners of the county, district, or precinct or sub-division; that their lands do not lie within an incorporated city or town. The truth of the allegation of such petition to be determined by competent evidence as in other cases in courts of law."

The contention is over the word "sub-division" employed in the statute. The insistence of counsel for appellant being that the term should be interpreted to mean any portion less than the whole; or as counsel expresses it, "It must mean any designated portion of a precinct which the petitioning land owners deem advisable to embrace within their petition or include within the district sought to be established."

The legislature intent is the thing to be arrived at in the construction of all statutes, and with this end in view, when any part of an act calls for construction, the act in its entirety should be looked to and considered.

It is manifest from the reading of the act in question, which is a general law, in making provision for elections to be held for the establishment of stock-laws where none exists, and in making provisions for elections to be held to repeal existing stock-laws, that the law making power recognized that in some localities in the State stock-law existed while in others it did not. And it is to be observed that in section 2 of the act, which provides for the holding of elections for the establishment of stock-laws, the minimum territory for which an election is authorized to be held is a "Precinct", which, of couse, is understood to be a certain, definite, particular sub-division of the county. When we come to section 16 of the act, which deals w·th the other phase of the subject, that is, the dis-establishment of an existing stock-law, the language employed is "To secure an order for an election to repeal existing stock-law or stock-laws a petition signed by a majority of the land owners of the county or precinct or *sub-division* whose land lies outside of any incorporated city or town shall be necessary; said petition to be verified by affidavit of two or more, showing that petitioners (are) land owners of the county, *district,* precinct or *sub-division,*" etc.

We think it is evident that the legislature recognized the existence of stock-law *districts* in the State, and furthermore, that in some instances a stock-law embraced an entire county, and in others a precinct, while still in others, only a part or "sub-division" of a precinct. In arriving at what was meant and intended by the word "sub-division" in section 16, the question, why should the legislature, where no stock-law existed, prescribe a minimum territorial limit—a *precinct,* as in section 2,—and then in section 16, where a stock-law existed over a whole *precinct,* provide for an indeterminable number of electors, is more than suggestive. It is, we think, evident that, in the employment of the word "sub-division" in the connection in which it is used, and in connection with other provisions in the act, the legislature had in contemplation already existing conditions. A county is an established political sub-division of the State; a precinct is an established political sub-division of the county. Both are sub-divisions created by law. This

[Crook v. Commissioners Court of Calhoun County.]

being so, the word "sub-division" as employed in the statute, and in the connection in which it is used, must mean a *sub-division* already existing, and which has been definitely fixed by some law; as, for instance, where a stock-law *district* less than an entire precinct has been established by a special local act. This is a reasonable construction of the statute, and preserves a field of operation for the word used. A different construction, such as that contended for by the appellant, if not attended with seemingly absurd consequences, would, at least, be unreasonable.

It is our conclusion that the court of county commissioners, under the law, had no authority to order an election on the petition presented to the court, and this being true, the city court properly denied the application for a peremptory writ of mandamus. This conclusion is decisive of this case, and renders it unnecessary to consider any other question raised in the record.

Affirmed.

McClellan, C. J., Tyson, Simpson, Anderson and Denson, JJ., concurring.