# Henry *v.* Board of Revenue of Jefferson County.

### Certiorari of Stock Law Order.

(Decided June 4, 1907. 44 South. 110.

1. *Election; Stock Law; Certification of Result.*—Where the certificate of the managers of the stock law election recited that "We, the undersigned inspectors of the election held in precinct No. 23, etc.," the fact that they signed their names thereto individually, constituted no objection to the return.

2. *Stock Law; Order for election; Surplusage.*—Under General Acts 1903, p. 431, the Board of Revenue of Jefferson County are authorized to provide for building fences on the line of stock law districts. etc., and hence, a proviso in an order for a stock law election that it was expressly understood between the county board of revenue and the petitioners, and was a part of the order, that the Board was not to fence any part of the district, did not invalidate the order, but was surplusage, and a mere declaration of the Board in inticipation of an application following the adoption of the stock law.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

C. W. Henry sued out a certiorari to the board of revenue of Jefferson county returnable to the city court of Birmingham, requiring said board to send up to the city court a record of its proceedings in reference to an order for an election to be held in a certain precinct to determine whether or not stock should be prohibited from running at large in said district. From an order dismissing the petition and quashing the writ petitioner appeals. Affirmed.

J. R. TATE, and W. K. TERRY, for appellant.—The board of revenue is of limited jurisdiction and its records must affirmatively show the existence of facts on which its authority rests.—*Blount County v. Johnson,* 39 South. 910; *Mayfield v. Tuscaloosa County,* 41 South. 932; *Talley v. Grider,* 66 Ala. 119; *Comm. of Lowndes County v. Herne,* 59 Ala. 371. In public statutes, words only directory, promissory, or enabling may have a compulsory force where the thing to be done is for the public benefit.—*Tarver v. Tallapoosa County,* 17 Ala. 531; *Ex parte Simonton,* 9 Port. 390; 20 A. & E. Ency. of Law, p. 239-240; 2 Sutherland Statutory Construction, pp. 1145-1156. In proceedings to hold a valid stock law election three things are necessary: 1. The filing of a sufficient petition. 2. The question to be submitted to the electors must be stated in the order of the board substantially as stated in the petition. 3. A submission of the question as stated in the order to the electors. —*Talley v. Grider, supra; Comm. v. Herne, supra; McElroy v. The State,* 47 S. W. 359; *In re Ryan,* 1 Walker, 137; *People v. St. Clair,* 15 Mich. 85.

JOHN H. MILLER, and M. L. WARD, for appellee.—The proviso in the order was mere surplusage and could be disregarded without affecting the integrity of the proceedings.—*McGehee v. The State,* 52 Ala. 224; *Chil-*

*dress v. The State,* 86 Ala. 77; *Payne v. The State,* 89
Ala. 26; *Boothe v. The State,* 18 Conn. 442; *Belford v.
Woodward,* 158 Ill. 122; *Holman v. Clark,* 41 South.
765; 11 Ency. P. & P. p. 827 and 960.

HARALSON, J.—This was a common-law certiorari
in the city court of Birmingham to test the validity of a
stock law election for precinct 23, in Jefferson county,
Ala.   The court issued the writ, directed to the board of
revenue, ordering it to send up the record of its pro-
ceedings with reference to said election, and the board
demurred to the petition on which the certiorari was
based, which demurrer was sustained, and the petition
was dismissed.

The appellant admits in brief that "a proper petition
was filed under Gen. Acts 1903, p. 431, for one purpose
and one purpose only, viz., for stock law or no stock
law, but in the resolution of the board ordering said
election, said board incorporated the following proviso:
'But it is expressly understood and agreed by and be-
tween the board of revenue of Jefferson county, Ala-
bama, and petitioners hereto, and it being a part of this
order, judgment and decree, that the board is not to
fence this stock district, or any part thereof.' " He adds:
"The question then is upon the effect of this proviso on
said resolution and upon the election.   *   *   *   The
petition for the election was in conformity to the act,
but the order or resolution of the board of revenue con-
tained a proviso, which is not based on any allegation
in the petition, and which was unauthorized by any pro-
viso of Gen. Acts 1903, p. 431" (setting out the proviso
as above quoted) ; and the contention is, "that there was
no allegation in said petition for said election, giving
the board jurisdiction to order an election with such
proviso."

33 R

[Henry v. Board of Revenue of Jefferson County.]

The petition was demurred to by the board:

"(1) Because said ground (of objection to the petition) fails to show that the order made by said board of revenue was not within their jurisdiction.

"(2) Because said proviso referred to in said ground, does not change the effect of the order made by said board.

"(3) Because said proviso referred to therein, is surplusage and in no way impairs the order granted in accordance with the prayer of the petition."

The petition was by 49 persons, representing themselves as bona fide freeholders in precinct 23, owning a freehold estate in said precinct; and that it contained the other prerequisites, for asking an election to be held under said act, for the establishment of a stock district, is not denied.

The board of revenue of the county, to whom the petition was addressed, made an order, reciting in substance, that it appeared to the board that the facts set up in said petition were true, and that the "petitioners had complied with all the requisites required by the act" above referred to (naming it), and it was ordered that an election be held in said precinct on the 1st day of December, 1906, and that it be held in strict accordance with said act of the Legislature.

The election was accordingly held on the day appointed, and the result certified to the board, by three persons styling themselves "inspectors," showing that 29 votes against, and 34 votes in favor of a stock law, had been cast.

The board made an order on the 3d of December, 1906, receiting the filing of the petition by a majority of the freeholders of said precinct, and the order for holding the election, that the petitioners gave notice of said election in accordance with the terms of said act, stat-

ing how the notice was given; the holding of said election on the day appointed; the result of the voting at said election; that the return was duly made to the board by the managers of said election, showing the result of the same for and against a stock law; and it was ordered, adjudged and decreed by the court, that said precinct be duly declared a stock law precinct, under and by virtue of the act of the Legislature, referred to in the petition, and that all the proceedings, including the petition, the original order on the same, and the certificate and return of the managers of said election be recorded and become the order of the court.

If anything is lacking, either in the petition or orders of the court, to show full compliance with the act of the Legislature, it has not been pointed out nor insisted on, except as the proviso attached to the foot of the order for holding said election, and that the managers signed their individual names to their return of said election. As to this last exception, it may be stated, that in their report the managers styled themselves, "We the undersigned inspectors of an election held in precinct No. 23," etc.

It may be well to here state, that said act enables the board of revenue "to provide for building fences on the lines of the district, and to cause to be built a legal fence on lines between any county that allows stock to run at large, and on lines of the subdivisions of the county, that allows stock to run at large, and to issue warrants on the county treasury to pay for building line fences," etc.

This proviso, therefore, was no part of the order proper, and was a mere declaration of the mind of the board, in anticipation of an application that might afterwards follow, to have said fence paid for by the board, in case the election was in favor of a stock law.

[Henry v. Board of Revenue of Jefferson County.]

As stated, the only other contention of the appellant is, that the board of revenue, in the so-called proviso, not to fence said stock district or any part thereof, vitiated the entire proceeding, and that any election held thereunder was void.

On the other hand, it is contended by the board, that this declaration on their part was mere surplusage, and the proceedings were, as if no such declaration had ever been made; that the act of the Legislature did not place the duty on the board to fence the district; that the board could not be compelled to fence it until after the district has been declared a stock district, when and not until then, could such question arise ,and that, without this proviso, so-called, the order for the election was perfect in itself, and could stand and be enforced. It appears to be consonant with reason and authority, that when surplus matter is contained in a record, otherwise complete and according to law, such matter is immaterial and should be disregarded. That is the case in a judgment or in an indictment even.—*McGehee v. State,* 52 Ala. 224; *Paine v. State,* 89 Ala. 27, 8 South. 133; *Childress v. State,* 86 Ala. 83, 5 South. 775.

If the resolution had any effect at all, it would have been to discourage persons from voting for the stock district, but it did not seem to have thus influenced a majority of them, and, in this respect was innoxuous.

We discover no error in the record, and the judgment below is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.