# Crosswhite *v.* Commissioners Court of Colbert County.

## *Stock Law Petition.*

### (Decided June 2, 1909.  49 South. 870.)

*Stock Law; Petition; Election.*—The fact that the petition filed with the commissioners court for an election to determine whether stock should be allowed to run at large prayed an election to determine whether "hogs, sheep, geese and goats" should be permitted to run at large, and to make a three wire fence a lawful fence did not render the petition void, notwithstanding it included elements not within section 5882, Code 1907, but the inclusion of those elements in the order granting the petition, and calling the election, rendered the election void.

APPEAL from Colbert Circuit Court.

Heard before Hon. CHARLES P. ALMON.

Action by J. Crosswhite against the Commissioners' Court of Colbert County. From an order of the circuit court quashing a writ of certiorari, plaintiff appeals. Reversed, and judgment rendered.

JACKSON & DELANEY, and TYSON, WILSON and MARTIN, for appellant.—Appellant was entitled to certiorari, and certiorari was the proper remedy.—*Commissioners v. Blount,* 145 Ala. 553. While the petition may not have been void on account of the inclusion of certain elements not mentioned in the statute (Section 5882, Code 1907) the inclusion of these elements in the order granting the petition and granting the election rendered the election void.—*Ex parte Selma & G. R. R.,* 46 Ala. 230.

ALMON & ANDREWS, and WALTER H. WILLIAMS, for appellee.—The only order that the trial court should have made was either to quash or affirm the proceed-

ings of the commissioner's court.—*Pub. Co. v. Press Assn.,* 102 Ala. 475; *Guscott v. Roden,* 112 Ala. 633; 75 Ala. 491; 65 Ala. 236; Sec. 2843, Code 1907. Because the declaration included elements not authorized by the statute is not a reason to declare the proceedings void, since it will be treated as mere surplusage and not be held to affect the part which the law did authorize.— *Henry v. Bd. of Revenue,* 44 South. 110; *Commissioners v. Wilhorn,* 46 South. 585.

McCLELLAN, J.—Appeal from an order of the circuit court of Colbert county quashing a writ of certiorari whereby it was sought to annul the creation by the commissioners' court of a defined "stock district." The petition prayed an election for the purpose of taking the popular will whether "hogs, sheep, geese, and goats" should be permitted to run at large, in a described precinct, and to make a three-wire fence a lawful fence. The order granting the petition and calling the election followed the petition, and directed that an election be held upon the question set forth in the petition. In determining the result of the election, the commissioners' court found the majority vote to have been in favor of "stock law," and it was thereupon ordered that a "stock law is hereby declared" in a certain precinct.

It is, of course, evident that the petition was not void, notwithstanding it included elements not within Code 1907, § 5882. It contained all that was necessary to invoke the powers of the commissioners' court in the premises. It was faulty in the respect that a ballot was sought on the desire of those concerned for a prohibition that "geese," not within the statute, should be forbidden to run at large, and that a certain kind of fence should constitute a lawful fence in the district described. Did the inclusion of the stated elements render the election void?

We are of the opinion that such was the result. The statute (Code 1907, § 5882) defines the issue to be submitted to the voters, and the addition of extraneous matters to that issue must necessarily render uncertain, incapable of ascertainment, whether the majority would have favored the creation of a stock law district, had the issue been unaffected by foreign matters. It is readily conceivable that a voter would favor the establishment of such a district, if by the election a lawful fence was to be defined; whereas, if the determination of what would be a lawful fence was to be decided by the proper authority, viz., the commissioners' court (Code 1907, § 5881), without the influence of a ballot thereon, he would not so order his ballot. Such was the view entertained by this court on a substantially similar inquiry in *Ex parte Selma & Gulf R. R. Co.*, 46 Ala. 230, 247. The reasoning in the cited decision is, it seems to us, conclusive in support of our opinion in this instance. Like considerations lead to a like conclusion with respect to the embracement of "geese" in the question submitted. That creature, of the bird family, is, of course, not within our stock law statutes.

It is urged, and that upon the authority of *Henry v. Board of Revenue*, 151 Ala. 511, 44 South. 110, that the extraneous matters included in the question submitted to the ballot may be treated as surplusage. The Henry Case, did not present the inquiry here involved. There, the opinion shows, it was conceded that a "proper petition was filed * * * for one purpose, and one purpose only, viz., for stock law or no stock law. * * * The addenda made, by the commissioners' court, to the order calling the election, and declared to be surplusage by this court, related to an agreement between that court and the petitioners with respect to the fencing of the district, or any part of it. It nowhere appears in

that case that the question submitted to the ballot embraced the agreement. Obviously the decision is without influence in this instance. For the reason given before, we hold that the election was void. Accordingly the judgment of the circuit court is reversed, and a judgment will be here rendered, in pursuance of the prayer for the writ of certiorari, annulling the order establishing the stock district in the territory described in the proceedings in the commissioners' court.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.