[McKinney, et al. v. Commissioner's Court of Bibb County.]

# McKinney, *et al. v.* Commissioner's Court of Bibb County.

*Certiorari.*

(Decided Dec. 21, 1909.    Rehearing denied June 30, 1910.    52 So. 756.)

1. *Appeal and Error; Parties; Notice; Sufficiency.*—Where the certificate of appeal and the notice of appeal recites that H. C. M., et al., had taken an appeal and given security for costs, the appeal will not be dismissed as the appeal of one party to a joint judgment.

2. *Animals; Stock Law; Commissioner's Court; Jurisdiction to be Shown by Record.*—In exercising the general powers conferred by Acts 1903, p. 431, relating to stock law elections, the jurisdiction of the Commissioner's Court is limited and statutory, and to sustain its acts, the records must affirmatively show the existence of all the jurisdictional facts

3. *Same; Petition.*—The Commissioner's Court cannot exercise the powers conferred by General Acts 1903, unless their jurisdiction is brought into exercise by a petition signed by a majority of the freeholders as prescribed in the Act, and an order for an election which is silent as to whether the petition was signed by the requisite number of freeholders, is fatally defective.

4. *Same; Jurisdiction.*—Where the first order made by the Commissioner's Court calling a stock law election recited that it appeared to the court that the petition for the election was signed by more than the majority of the freeholders, and ordering an election thereon, but subsequently an order was entered rescinding the prior order and continuing the matter for further investigation, the first order was annulled, and an election held under a subsequent order which failed to recite the jurisdictional facts as to the sufficiency of the petition, was void.

(Simpson, J., dissenting.)

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Certiorari by H. C. McKinney and others to bring up for review the acts and doings of the Commissioners' Court in proceedings to establish a stock law district. From a judgment denying the relief prayed by the certiorari the petitioner appeals.    Reversed and rendered.

D. W. CRAWFORD, for appellant. The court erred in denying the petition. The proper order was either to quash the judgment or to affirm it.—*Inde. Pub. Co. v. Am. Pr. Assn.*, 102 Ala. 475. Certiorari is the proper remedy to review the acts of the Commissioner's Court. —*Comm. Ct. v. Johnson*, 145 Ala. 553. The order calling the second election was void on its face.—*Commissioners v. Johnson, supra;* Acts 1903, p. 431.

JOHN T. ELLISON, and LAVENDER & THOMPSON, for appellee. It is not essential that the record show that the signers resided in the district and within the corporate limits of the county.—*Com. Ct. v. Wilborn*, 46 So. 585. Administrative matters in holding an election cannot be reviewed by certiorari as here attempted.—*Camden v. Bloch*, 65 Ala. 236. The appeal should be dismissed. The judgment should be dismissed because it is a joint judgment and the appeal should have been taken by all the parties, instead of by one.—*Moore v. McGuire*, 26 Ala. 461; *Vaughan v. Higgins*, 68 Ala. 547. McKinney cannot assign errors for the other defendant.—*Barker v. Callahan*, 5 Ala. 710.

McCLELLAN, J.—The motion to dismiss the appeal is predicated upon the idea that the appeal was taken by one only of the parties against whom joint judgment was rendered. If it were assumed that a joint judgment was entered below, the certificate of appeal refutes the asserted fact that one only of the parties prejudiced by the judgment prosecuted the appeal and that in his own name only. The certificate of appeal recites that "H. C. McKinney et als. did on the 30th day of September, 1908, after giving security for costs, obtain an appeal. * * *" The notice of appeal likewise recites that "H. C. McKinney et als." had taken an ap-

peal. The certificate of appeal refers to "H. C. Mc-Kinney et als." as plaintiffs. The motion to dismiss the appeal must be overruled.

This common-law certiorari sought to have pronounced void the acts or orders of the commissioners' court of Bibb county declaring the stock law effective in precinct 5 in that county. The application of the stock law was sought in virtue of the act approved September 29, 1903 (Gen. Acts 1903, p. 431). Upon a petition numerously signed by "freeholders for precinct No. 5," the following order appears as having been made: "State of Alabama, Bibb county: It appearing to the court that the within petition contains more than a majority of the freeholders in precinct No. 5 of Bibb county, Alabama, it is therefore ordered that an election be held on Saturday the 23d day of November, 1907, at which election the qualified voters of said precinct shall determine whether or not a law shall be enforced in said precinct prohibiting the running at large of hogs, sheep and goats." Subsequently, the court took this action: "On motion the above order is resented, and this cause is continued to the 2d day of November 1907, for the further consideration of the said petition to hold an election in beat 5 as set out in the petition of said citizens of beat 5." Counsel for both sides insist in brief that the word "resented" in the last order should be read, and was intended in reality to be, "rescinded." We take it so.

In the exercise of the statutory powers conferred on the commissioners' court by the act above cited, the court is, of course, one of limited jurisdiction, and to sustain its acts in the premises the records of that court must affirmatively show the existence of the elements essential to give it power to act.—*Commissioners v. John-*

*son,* 145 Ala. 553, 556, 39 South. 910, 911, and authorities cited on the latter page.

It was essential under the act in question that this court ascertain, as a prerequisite to the exercise of the power conferred by the act, that the petition for the election was signed by a majority of the freeholders described in section 2 of the act. In the first quoted order this jurisdictional factor was ascertained and declared in substantial accordance with the requirements, in that particular, of section 2. Latterly the court rescinded that order.

It is our opinion that such rescinding avoided any effect of the first order. It is earnestly argued that the only motive for the rescinding thereof was to correct the error in date for the election. We cannot read the rescinding order to so limited an effect. For aught that appears, it may have been the discovery by the court that the petition did not carry the requisite majority—had less than a majority—that led to the act of rescinding of the first order wherein that fact was ascertained and adjudged. The latter order annulled the former by the use of the most sweeping terms. We can find no warrant to read it as meaning less than it says. Accordingly, we have only the order calling the election by which to determine the existence of jurisdiction vel non in the premises. That order is silent in respect of the jurisdictional fact, viz., that the petition for the election was signed by the requisite majority of the freeholders defined in section 2 of the act. The omission is fatal; we cannot supply it.

It results that the election was not based on a valid order therefore, was unauthorized and void. Hence, the prayer of petition will be granted, the judgment of the circuit court is reversed, and a judgment will be here entered vacating and annulling the orders

of the commissioners' court of Bibb county in respect of a stock law in precinct 5 therein.

Reversed and rendered.

ANDERSON, SAYRE, and EVANS, JJ., concur. SIMPSON, J., dissents.