# Almon, *et al. v.* Court of County Revenue of Lawrence County.

## *Prohibition.*

(Decided January 21, 1913.  60 South. 895.)

1. *Animals; Stock Law; Establishment; Law Governing.*—The general stock law (sections 5881-5896, Code 1907) leaves all local laws in full force in so far as they deal with any features not provided for in the general stock law.

2. *Same; Election; Petition; Necessity.*—Section 5881, Code 1907, does not require a petition to give jurisdiction to the commissioners'

[Almon, et al. v. Court of County Revenue of Lawrence County.]

court to supervise an election to establish the stock law throughout the entire county. The petition being required only by section 5882, which applies only to elections to establish stock law in a part of the county.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Petition by T. F. Almon and others against the Court of Revenues of Lawrence county to prohibit the County Court of Revenue from ordering an election, and from appointing officers to hold such election in said county, and to revoke and set aside an order calling said election to determine whether or not stock should be allowed to run at large in said county. Petition denied, and petitioners appeal. Affirmed.

The petition alleges, in effect, that petitioners are resident citizens and taxpayers of Lawrence county, over the age of 21 years; that each owned live stock in said county, which is not now prohibited from running at large; that J. C. Kumpe, the principal judge, and the members of the court of county revenue of said county, while in legal session on the 9th day of December, 1912, made and entered an order providing for the holding of an election, at the various voting places in said county, to establish in said county, outside of incorporated cities and towns, as a stock law district wherein stock shall not be permitted to run at large. As grounds for the mandamus or prohibition, it is alleged that no petition was filed requiring or requesting such election, and that the board was without authority to hold or call said stock law election, unless petition had been filed therefor, as there is in force in Lawrence county a local act giving said court of county revenue full authority to establish or revoke stock law districts upon petition by election, and hence the board was without authority to act under the general law. Answering said petition, the board sets up the fact, by way of demurrer, that

they have power and authority, under section 5881, Code 1907, to make said order in the absence of a petition, and that, as a matter of law, the petition is not sufficient to entitle the petitioners to the relief prayed.

CHENAULT & DOWNING, for appellant. No provision was made by the general or local stock law for holding an election except after petition filed and an order cannot be entered except upon the proper petition.—Section 5882, Code 1907; Acts, 1909, p. 124; *Commissioners' Court v. Johnson,* 135 Ala. 553; *McKinney v. Commissioners' Court,* 168 Ala. 191.

D. C. ALMON, for appellee. Local acts and general acts have a field of operation in Lawrence county.— *Phillips v. Bynum,* 145 Ala. 549. This being an order for an election in the whole county it was governed by section 5881, Code 1907, which does not require the filing of a petition. Section 5882 applies only in the event an election is called for a portion of the county and when such an election is ordered it must be based on a petition filed in compliance with said last named section.

ANDERSON, J.—The present stock law (article 1, c. 139, of the Code of 1907) is a practical codification of the general act of 1903, p. 431, and operates as a repeal of all local laws in so far as they are in conflict with same, but leaves said local laws in full force in so far as they deal with any features not covered or provided for in said general law.—*Blount County v. Johnson,* 145 Ala. 553, 39 South. 910; *Phillips v. Bynum,* 145 Ala. 549, 39 South. 910.

Section 5881 authorizes the commissioners' court to direct and supervise the holding of an election, through-

out the entire county, for the establishment or repeal of stock law districts, in their respective counties or parts thereof. Section 5882 requires a petition by a majority of the bona fide freeholders residing in any precinct in the county before an election can be ordered for the establishment of a stock law in a single but entire beat, in the county, but does not require a petition for an election as to the whole county, or for the repeal of an existing law, either as to the whole county or any precinct in same. Therefore this general law authorizes the commissioners' court to order an election for the establishment of a stock law throughout the entire county, except as to cities and incorporated towns, without a petition, and to order an election for the repeal of an existing stock law, whether existing as to the entire county or in any precinct therein. On the other hand, it is a jurisdictional essential, to ordering an election to establish a stock law in a precinct, that a petition be addressed to the commissioners' court by a majority of the freeholders of said precinct.—*McKinney v. Commissioners' Court of Bibb County,* 168 Ala. 191, 52 South. 756. It must be observed that, in order to change conditions in any territory less than an entire precinct, the general law affords no remedy, and the local law must control.

As the election in question was ordered for the establishment of the stock law throughout the entire county, a petition was not necessary to give the commissioners' court jurisdiction to order same, and the circuit court properly sustained the demurrers to the writ of prohibition, and did not err in dismissing said writ.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.