# Williams *v.* The State.

### *Permitting Animals to Run at Large.*

(Decided February 14, 1913.  61 South. 465.)

*Animals; Running at Large; Petition; Evidence.*—It being absolutely necessary under Acts 1880-1, p. 163, that the persons petitioning for the establishment of a stock law district be, in fact, or be found by the court to be, freeholders, a petition shown by the minutes of the probate court, purporting to show the establishment of a stock law district, was erroneously admitted in support of a prosecution for permitting cows to run at large in such district, where such minutes state that ten persons describing themselves as freeholders, petition the court, and that the court upon consideration of such petition, and proof adduced therein granted such petition.

APPEAL from Lawrence County Court.

Heard before Hon. JOHN P. KUMPE.

John Williams was convicted of permitting animals to run at large in a stock law district, and he appeals. Reversed and remanded.

TIDWELL & SAMPLE, for appellant.  The court erred in admitting the minutes of the commissioners' court to show the establishment of the stock law district as said minutes failed to disclose the jurisdictional facts that the petitioners were freeholders, or were found by the court to be freeholders.—Acts 1880-1, p. 163; *Commissioners v. Holland,* 58 South. 270; *Joiner v. Winston,* 68

Ala. 130; *Mayfield v. County Commissioners,* 148 Ala.
548; *Commisisoners Court v. Hearn,* 59 Ala. 371;
*Vaughan v. Walker,* 133 Ala. 659; *Jones v. Heins,* 157
Ala. 624.

R. C. BRICKELL, Attorney General, and W. L. MARTIN,
Assistant Attorney General, for the State.

WALKER, P. J.—In support of the charge made
against the defendant that he, "being the owner or man-
ager of three cows, did knowingly suffer such cows to
run at large in a district wherein such cows were pro-
hibited by law from running at large," the prosecution
offered in evidence the minutes of the court of revenue
of Lawrence county purporting to show the establish-
ment of such a district, pursuant to the authority con-
ferred by the act approved February 28, 1381, "to au-
thorize the commissioners' court, or court or board of
county revenues, of the counties of Marengo, * * *
Lawrence, and Perry, to establish or abolish districts
in which stock may be prevented from running at large."
—Acts of Ala. 1880-81, p. 163. The defendant duly ex-
cepted to the action of the court in overruling his objec-
tion to the admission of this evidence, upon the ground,
among others, that it failed to show that a petition by
10 freeholders was filed, as required by the provision of
the statute to entitle the court of revenue to take such
action. It is plain that the statute makes it a prere-
quisite to the existence of the right of the court of
revenue to exercise the special power or jurisdiction con-
ferred that "ten freeholders petition said court in writ-
ing," as required by the provisions of section 2 of the
act; and it is not to be questioned that the record of the
proceeding must affirmatively show the existence of the
facts upon which the court's jurisditcion or authority

to act rests.—*Stanfill v. Court of County Revenue*, 80 Ala. 287; *Commissioners' Court of Henry County v. Holland*, 176 Ala. —, 58 South. 270; *Mayfield et al. v. Court of County Commissioners*, 148 Ala. 548; 41 South. 932; *Joiner v. Winston*, 68 Ala. 129. The minutes offered in evidence contained recitals of the facts of the filing of a petition, which was set out, and of the giving of described notices, followed by the statement that, "upon the consideration of the said petition and the proof adduced therein, it is considered that said petition be granted," and concluded with a formal order to that effect. The petition described the petitioners, more than 10 in number, as freeholders and residents of the territory proposed to be established as a district in which stock were to be prevented from running at large, but there is nothing to show that the averment to this effect was supported by evidence, or that there was any ascertainment or finding by the court of the fact that any of the petitioners were freeholders. The right or power of the court to make the order was dependent, not upon the filing of the required written petition by any 10 persons who described themselves as freeholders of the district proposed to be established, but upon the filing of such petition by ten persons who in fact were freeholders. It is the fact, not the mere averment of it by the petitioners, that is jurisdictional. The record offered in evidence showed that the petition was filed by more than 10 persons who described themselves as freeholders. It did not recite nor in any way show that any of them were in fact, or were found by the court to be, freeholders. That fact could not properly be inferred from the recital of the court's "consideration of said petition and of the proof adduced therein"; such recital in no way indicating or suggesting of what fact proof was adduced. It cannot be said of that record that it

affirmatively shows that any of the petitioners possessed the qualification required to entitle them to invoke the exercise of the statutory jurisdiction. To recognize the order as a valid one would amount to dispensing with the necessity of the record of such a proceeding showing affirmatively the existence of a jurisdictional fact. This is not permissible. The conclusion follows that the trial court was in error in its ruling above mentioned.

Reversed and remanded.