# Gravlee, Mayor, *et al. v.* Moore.

## *Prohibition.*

(Decided November 13, 1913.   63 South. 557.)

*Municipal Corporations; Change of Name; Statutes; Curative Acts.*—Under section 1046, Code 1907, where a municipal corporation was organized under the name of Horse Creek, and in July, 1906, attempted to change the name to Dora, but the proceedings looking thereto were void, but afterwards the town continued to be called Dora and transacted its business in that name, Dora became its name under the statute, notwithstanding the invalidity of the proceedings to change the name.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Petition by D. J. Moore against H. B. Gravlee, Mayor of the town of Dora, to prohibit the mayor of said town from trying him upon a warrant issued by the mayor and served by the marshal of said town. From a judgment granting the prohibition, the mayor appeals. Reversed and rendered.

The petition is based on the alleged fact that the town was chartered as the town of Horse Creek, and that the effort to change the name of the incorporation from that of Horse Creek to that of Dora was void, for the want of certain jurisdictional facts appearing in the proceedings looking to the change of name, and that therefore there is no mayor of Dora. The proceedings are set forth, but it is not deemed necessary to here set them out. The demurrers raise the question that there is no basis for a grant of the writ, and that there is a complete and speedy remedy other than by writ of prohibition. Plea sets up the election of respondent as mayor of the town of Dora after the name had been changed from that of Horse Creek to that of Dora, and that he had continuously served and acted as mayor of the town of Dora, and had exercised the powers and functions of said mayor in trying cases, etc. The plea then sets up the acts and doings of the said town of Dora in passing, before this, regulations, regulating streets, maintaining police force, and doing other things incident to the management and business of a municipality, under the name of the town of Dora.

GEORGE W. POWELL, for appellant. The legal entity must be Horse Creek or Dora. It cannot be both.— *Butler v. Walker,* 98 Ala. 358. The act granting the charter to Horse Creek authorized the change of the name of said town as provided by section 1516, Code 1886, and if it be said that the proceedings were invalid

the judgment recited the jurisdictional facts and amounted to a judicial finding and is binding.—*Grider v. Tally,* 77 Ala. 422; *State, ex rel. v. Phil Campbell,* 58 South. 905. The Municipal Code went into effect September, 1908.—*Mitchell v. State, ex rel. Welch,* 163 Ala. 425. Whatever of infirmity there might have been in the proceedings changing the name, they were cured, and the action made effective by section 1046, Code 1907.—*State, ex rel. Robinson v. Town of Pell City,* 157 Ala. 380; 12 A. & E. Ann. cases, 261; 51 N. E. 665; 23 N. E. 343; 63 Am. Dec. 304.

GUNN & POWELL, for appellee. A casual glance at the proceedings will show that sections 1516 and 2967, Code 1886, were not complied with. Therefore, the probate court did not obtain jurisdiction.—*Blount County v. Johnson,* 145 Ala. 553; *McKinley v. Bibb County.* Proceedings of the probate court are ministerial.— *West End v. State,* 138 Ala. 295. The provisions of section 1046, Code 1907, do not attempt to make a legal municipal corporation out of an illegal one, and once Horse Creek always Horse Creek until a proper decree changing the name.—*Butler v. Walker,* 98 Ala. 358. There cannot be two municipal corporations at the same time in the same territory.—28 Cyc. 147; 25 Fla. 371. All material steps must be complied with under the statute.—28 Cyc. 158-161; *West End v. State, supra.*

DE GRAFFENRIED, J.—The inhabitants of Horse Creek, in Walker county, were incorporated by the name and style of the "Town of Horse Creek," by an act of the Legislature approved February 18, 1897, and *since* that time the said inhabitants have *remained incorporated* under the *charter* which, *by said act,* was granted by the Legislature to said inhabitants. In this act there is a provision authorizing the name of the said

municipality to be changed "at any time as provided by section 1516 of the Code of Alabama of *1896.*" At that time the state of Alabama had no Code of 1896, but it did have a Code of 1886, and it is evident that *1896*, appearing in the act, was intended for *1886.* This clerical misprision in the act is therefore self-correcting.

Section 1516 of the Code of 1886 is as follows: "Ten adult male inhabitants may, by petition in writing to the judge of probate, propose an alteration or change of the name, or of the boundaries of the town, stating the alteration or change proposed; and on the filing of such petition, the judge of probate must order an election to be held and conducted in all respect as the election for the original incorporation; and if at such election a majority vote for the proposed alteration or change, the fact must be certified to such judge by the inspectors, and on the filing of such certificate he must make and enter an order allowing such alteration or change; but the boundaries of the town cannot be extended until the consent in writing, signed by them, of at least two-thirds of the owners of the real estate situate within the extension has been filed in the office of the judge of probate."

On or about the 26th of July, 1906, 10 people describing themselves as *inhabitants* of the "Town of Horse Creek, Ala.," filed a petition with the probate judge of Walker County, praying that "the name of said Town of Horse Creek" be changed from "the Town of Horse Creek" to "the Town of Dora." On July 26, 1906, the said judge of probate made an order that an election should be held to determine whether or not the name of the said town should be changed as above stated, and ordered that said election should be held on August 25, 1906. The election was held pursuant to the said order, on August 25, 1906, and *all* the votes cast at said elec-

tion were for the proposed change of name. On the 3d day of September, 1906, the said judge of probate made an order "that the name of Horse Creek for said town be changed to that of Dora, and that said town to be known as Dora instead of Horse Creek, Walker county, Ala." Since the making of the above order the municipality has been known as, and has been called, Dora. It has not, since that time, been known as or called Horse Creek. Since that time its inhabitants have *thought* that they were inhabitants of Dora, have had their mail addressed to them at Dora, have had their merchandise shipped to them at Dora, and have claimed that they lived in Dora. Since the making of the above order the name "Horse Creek" has disappeared from the nomenclature of the municipalities of the state and in its stead there has, at all times, appeared the name Dora. Of course, all this does not appear from the record in this case, but there are many things of which this court takes judicial cognizance, and one of those things is the name of each of the municipalities of the state.

2. Appellee is of the opinion—and the trial court was of the same opinion—that on account of certain alleged fatal defects which appear in the proceedings that were had for the purpose of changing the name of the municipality, the order of the judge of probate, changing the name of the town from Horse Creek to Dora was void, and that the municipality is still *legally* the "Town of Horse Creek" and is not *legally* the "Town of Dora."

Says the appellee: "The method of changing the name of a municipal corporation was purely statutory, and it was therefore necessary that it be strictly complied with. This must affirmatively appear of record, or else the probate court would never have obtained

jurisdiction of the subject-matter"—and to sustain the quoted statement appellee cites *Blount v. Johnson,* 145 Ala. 553, 39 South. 910, and *McKinney v. Bibb County,* 168 Ala. 191, 52 South. 756. We have no quarrel with the doctrines announced in said cases of *Blount v. Johnson* and *McKinney v. Bibb County.* The doctrines announced in those cases may indicate that the proceedings to change the name of the town to Dora, which were had before the judge of probate, *were* void, but, whether they were *void* or *not,* the municipality once known as "Horse Creek" has, *since* those proceedings were had, *used* the name of Dora, and only the name of Dora. The municipality has never ceased to exist. It has simply changed—by an *abortive proceeding,* it may be, but, nevertheless, by *a proceeding having the semblance of a legal proceeding* and *acted upon* as if legal —its name to *Dora.*

On August 13, 1907, an act of the Legislature was approved (now section 1046 of the Code of 1907) which provides as follows: "All *municipal organizations* now existing in the state of Alabama, whether incorporated under the general laws of the state, or by special act of the legislative department of the state government, and now exercising corporate powers or functions, and all towns and cities that may hereafter be incorporated under the provisions of this chapter, shall be bodies *politic* and *corporate,* using a common seal, which may at any time be changed and having perpetual succession, under the name *now used* or hereafter assumed," etc. The municipality under consideration was in existence when the above act was approved. It was existing under a charter which was granted to the inhabitants of "Horse Creek," but it was then *using* the name of "Dora." This municipality, therefore, comes directly within the letter of the above act—now section 1046

of the Code—and since the passage of that act its legal name has *certainly* been Dora. The Legislature certainly had the power to say that a municipal corporation which was *using* a particular name at the time of the passage of the act which is now section 1046 of the Code should be a body corporate under the name which it was *then using.*—*State ex rel., etc. v. Lane,* 181 Ala. 646, 62 South. 31.

Reversed and rendered; writ of prohibition denied.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.