# McLaughlin v. Hardwick.

### Stock Law Violation.

(Decided November 1915.    Rehearing denied December 8, 1915.
70 South. 305.)

1. **Animals; Stock Districts; Establishment.**—The jurisdiction granted to courts of county commissioners to establish stock law districts by § 3312, Code 1907, is to be exercised in conformity with the procedure provided by § 5882, Code 1907, as amended by Acts 1909, p. 124.

2. **Judgment; Collateral Attack; Presumption.**—The judgment and proceeding of commissioners' courts, relative to the establishment of stock law districts, are, on collateral attack, presumed to be regular and valid, and are not assailable merely because the record fails to show all the jurisdictional facts; such courts in this respect being courts of general jurisdiction under § 3312, Code 1907.

3. **Animals; Stock District; Election; Petition.**—The petition for an election to establish a stock law district may consist of several separate sheets with substantially the same heading if when taken together, they have the requisite number of signatures.

4. **Same.**—The averments of a petition for an election to establish a stock law district that petitioners are bona fide freeholders in the district, and own a freehold estate therein, clearly import that they reside and own a freehold estate in such district.

5. **Same.**—Such petition is not bad because not limiting the territory constituting the district to be established to "that part of the precinct which is outside of any incorporated city or town."

6. **Same; Appeal from Order; Suspending Statute.**—A statute is put in operation by the election in favor of a stock district, and not by the order of the court, and an appeal from the court's order in the election contest, which in no way disturbed the election, does not suspend the operation of the statute; the effect of the appeal under § 477, Code 1907, is merely to suspend execution of the judgment or decree.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action instituted by W. P. Hardwick against I. V. McLaughlin, to ascertain the damages and costs for taking up and caring for cattle running at large. Judgment for plaintiff, and defendant appeals. Affirmed.

After the filing of the complaint, McLaughlin presented a petition showing that he was the owner of two milk cows and two yearlings, which property had been seized and was now in the possession of Hardwick, who, petitioner alleges, claims dam-

[McLaughlin v. Hardwick.]

ages, fees, costs, and expenses by reason of said cattle having been taken up by him, and it is alleged that they cannot agree as to such damages and costs, wherefore he files his petition. It is also alleged that the stock was taken up and retained without authority of law under the mistaken idea that precinct No. 3 was a stock law district, and petitioner avers that said precinct No. 3 is not, at this time, a stock law district by reason of the fact that an appeal has been taken from the decree or judgment of the probate court, wherein the election for the establishment of a stock law district in precinct No. 3 was contested; and petitioner further avers that the seizure and taking possession of said property was wholly without authority of law, and therefore said stock should be released. Wherefore, the premises considered, your petitioner prays that this court take jurisdiction of said matter, have a hearing of said cause, giving notice to said Pate Hardwick, as required by the statute, in such cases made and provided, and that upon said hearing it be adjudged and determined that the seizure of said property by the said Pate Hardwick was unauthorized and illegal, and that said property be ordered released.

M. M. SMITH, for appellant.   EMBRY & EMBRY, for appellee.

BROWN, J.—The proceeding in this case originated before a justice of the peace, and it was treated by the parties as one authorized by section 5890 et seq. of the Code of 1907, conferring jurisdiction upon justices of the peace to inquire and ascertain the amount of damages and charges to be assessed when animals are taken up while running at large and uncontrolled in a stock law district. The justice rendered judgment in favor of the plaintiff, and the case was carried to the circuit court by appeal, and was there treated as a proceeding under the statute, and we will so treat it here. Section 5894 contains the following provisions: "But should the parties be unable to agree upon the amount of damages, fees, costs, and expenses due, either party shall have the right to go before a justice of the peace within the precinct where such stock is seized or taken up, and have the issue tried instantly or as soon as practicable, on written statement or complaint setting forth in substance the facts of such seizure, first giving the opposite party one day's notice thereof, and said issue shall involve the validity of such seizure, and the amount of damages, fees, costs and expenses," etc.

Therefore the first inquiry in the proceedings thus inaugurated is whether the animals in question were lawfully taken up in a district where stock are prohibited by law to run at large, and, if it be adjudged that the animals taken up were not unlawfully at large upon the premises of another, judgment must be entered dismissing the proceeding at the cost of the complaining party.—Code, § 5892. The validity of the seizure was not properly presented by the defendant's plea in abatement, and it was properly stricken.

(1) Section 3312 of the Code, granting to the court of county commissioners unlimited jurisdiction in relation to the establishment, change, or discontinuance of roads, bridges, causeways, ferries, and stock law districts within the county, except where otherwise provided by law, in so far as jurisdiction is granted to establish stock law districts, must be construed in connection with the provisions of chapter 139 of the Code, embracing section 5882, as amended by act approved August 25, 1909 (Acts 1909, General and Local, 124). By the letter of the statute, the jurisdiction here granted, so far as it relates to stock law, is "to be exercised in conformity with the provisions of this Code."— *Wright v. Court of County Commissioners of Geneva County,* 180 Ala. 535, 61 South. 918. Section 5882 of the Code, as amended by the act approved August 25, 1909, provides: "Whenever one-fourth of the bona fide freeholders residing in any precinct in any county owning a freehold estate in such precinct, shall file with the court of county commissioners, or court of like jurisdiction of the county a petition in writing stating that they desire an election in such precinct to ascertain whether or not a majority of the qualified electors of such precinct desire or favor a law prohibiting the running at large of stock in that part of the precinct which is outside of any incorporated city or town, and shall deposit with the probate judge of the county an amount of money sufficient to defray the expenses of holding such election, it shall be the duty of the court of county commissioners or court of like jurisdiction, to file such petition, with the date of such filing, and to proceed to inquire and ascertain whether or not the petition is signed by one-fourth of the bona fide holders residing in, or owning freehold estates in the precinct, and shall endorse thereon and spread on the minutes of the court such findings," etc.—Acts 1909 (General and Local) 124.

(2) Before the adoption of the Code of 1907 with section 3312 as it now appears, it was uniformly ruled that the commis-

sioners' court in the exercise of its statutory power to establish stock law districts wherein stock was prohibited by law from running at large, was a court of limited jurisdiction, and that its jurisdiction was dormant unless quickened into exercise by pursuing the mode prescribed by the statute; that the orders and judgment of the court could not be sustained unless the record affirmatively discloses all jurisdictional facts and a compliance, in the course of its proceedings, with the statutory requirements. —*Wiley v. State,* 117 Ala. 160, 23 South. 690; *Miller v. Jones,* 80 Ala. 89; *Commissioners' Court of Blount County v. Johnson,* 145 Ala. 553, 39 South. 910; *Almon v. Court of County Revenue of Lawrence County,* 179 Ala. 662, 60 South. 895; *Crosswhite v. Commissioners' Court of Colbert County,* 162 Ala. 99, 49 South. 870; *McKinney v. Commissioners' Court of Bibb County,* 168 Ala. 191, 52 South. 756; *Cook, et al. v. Court of County Commissioners of Walker County,* 178 Ala. 394, 59 South. 483; *Williams v. State,* 7 Ala. App. 104, 61 South. 465.

But in the recent case of *Stephens, et al. v. Court of County Commissioners of Cherokee County,* 180 Ala. 531, 61 South. 917, the Supreme Court held that: "The effect of the amendment of the statute [Code, § 3312] was to convert the commissioners' courts and courts of like jurisdiction, in respect of the establishment of stock districts, from organizations of special limited jurisdiction into courts of general jurisdiction, unless 'otherwise provided by law.'"

To such court a different rule applies, and on collateral attack the proceedings and judgments of such courts are presumed to be regular and valid, founded on jurisdiction duly acquired, until the contrary definitely appears; and such judgments are not open to collateral impeachment merely because the record fails to show all the jurisdictional facts.—*Roman v. Morgan,* 162 Ala. 133, 50 South. 273.

(3) The petition in this case consists of three sheets, with substantially the same heading, to-wit: "The undersigned who are a majority of the bona fide freeholders in precinct No. 3, in St. Clair county, Ala., and who own a freehold estate in said precinct, hereby petition the court of county commissioners of St. Clair county, Ala., and state that we desire an election in said precinct to ascertain whether or not a majority of the qualified electors of said precinct No. 3 desire or favor a law prohibiting the running at large of stock in said precinct, and ask

you to place up such orders as may be necessary in the premises."

The first objection urged is that a petition, consisting of three sheets pinned together "with a common pin," was not a sufficient compliance with the statute. This question was expressly ruled against the appellant's contention in *Richter v. State,* 156 Ala. 127, 47 South. 163.

(4) The next question is that the petition does not aver that the petitioners were freeholders residing in the precinct and owning a freehold estate therein. We have no trouble in reaching the conclusion that the petition clearly avers that the petitioners reside in the precinct and own a freehold estate therein. The language used is that the petitioners are "bona fide freeholders in precinct No. 3, * * * and who own a freehold estate in said precinct." When these averments are construed together, the language clearly imports that the petitioners reside in the precinct and own a freehold estate therein. Therefore this objection was properly overruled.

(5) The next objection is that the petition was insufficient to invoke the jurisdiction of the court in that the territory constituting the district to be established by the election was not limited in the petition to "that part of the precinct which is outside of any incorporated city or town." In *Stephens, et al. v. Court of County Commisisoners of Cherokee County, supra,* it was ruled that a petition containing the following averments was sufficient: "We, the undersigned, citizens of beat 8, will ask the commissioners' court to grant a stock law election in said beat."

This objection was therefore not well taken, and was properly overruled by the trial court. It is well to note that the statute as amended provides: "It shall be the duty of the court of county commissioners or court of like jurisdiction to file such petition with the date of such filing, and proceed to inquire and ascertain whether or not the petition is signed by one-fourth of the bona fide holders residing in, or owning freehold estates in the precinct, and shall indorse thereon and spread on the minutes of the court such finding," etc.

It is not disputed that both of the orders of the commissioners' court appearing on the minutes were made in response to the petition offered in evidence, and the first order recites that the petition was filed with the court on the 4th day of November,

1913, and "the court proceeded to inquire and ascertain, and did find, that said petition is signed by more than one-fourth of the bona fide holders residing or owning freehold estates in the precinct," and ordered the election to be held to ascertain whether or not stock should be permitted to run at large in that part of the precinct which is outside of any incorporated city or town, thus following the directions of the statute. The other order records the finding of the court to the effect that the signers of the petition were resident freeholders of the precinct, and that a sufficient amount of money was deposited to defray the expense of the election. Therefore, looking at the record as a whole, all the jurisdictional facts appear, and the proceedings, and the election thereunder, when the rule applicable to courts of general jurisdiction is applied, must be sustained.—*Roman v. Morgan, supra; Stephens, et al. v. Court of County Commissioners of Cherokee County, supra; Wright v. Court of County Commissioners of Geneva County, supra.*

(6) We deem it a sufficient answer to the appellant's contention that the appeal from the election contest suspended the operation of the statute to say that the statute was not put into operation by the order of the court, but by the election; and, inasmuch as the order of the court in the election contest in no way disturbed the election, it could not suspend the operation of the statute. The effect of the appeal was to suspend the execution of the judgment or decree of the judge of probate, but not to suspend the operation of the statute.—Code 1907, § 477.

We find no error in the record and the judgment is affirmed.

Affirmed.