(98 South. 562)

## STATE ex rel. POTTS v. COURT OF COUNTY COM'RS OF LAUDERDALE COUNTY. (8 Div. 610.)

(Supreme Court of Alabama. Dec. 20, 1923.)

**1. Animals ⬩⬩⬩50(2) — Stock law adopted by county could not be repealed in particular precinct under statute relating to establishment.**

Where a county had become a stock law district under Code 1907, § 5881, the stock law could not be repealed in one of the precincts of the county under section 5882, as amended by Gen. Acts (Sp. Sess.) 1909, p. 124, providing for elections to establish stock law districts in precincts, in view of sections 3312 and 5896.

**2. Animals ⬩⬩⬩50(2)—Petition for repeal of stock law in precinct held insufficient.**

Petition was not sufficient for repeal of stock law in precinct under Code 1907, § 5896, when not signed by a majority of the bona fide freeholders in the precinct residing outside of incorporated cities or towns, and not verified by the affidavit of two or more freeholders showing that petitioners were landowners of the precinct, whose lands did not lie within an incorporated city or town.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Petition by the State of Alabama, on the relation of G. F. Potts, for mandamus directed to the Court of County Commissioners of Lauderdale County. From a judgment sustaining demurrer to and dismissing the petition, the petitioner appeals. Affirmed.

Andrews & Peach, of Sheffield, for appellant.

The election petitioned for in this case is governed by section 5882, and it was necessary that the petition be by a majority of the freeholders residing in the district.

Mitchell & Hughston, of Florence, for appellee.

The petition should show a compliance with section 5896 of Code. Almon v. Court of County Revenue, 179 Ala. 662, 60 South. 895; Caudle v. Court, etc., 144 Ala. 502, 39 South. 308.

MILLER, J. This is a petition filed in the circuit court of Lauderdale county praying for a writ of mandamus. The petitioner, G. F. Potts, avers he is a bona fide resident citizen and freeholder in Waterloo precinct No. 17 in that county, and seeks an order of the court requiring the court of county commissioners to grant the original petition filed by him and others, and to order an election in that precinct to determine whether or not stock shall be permitted to run at large in that part of the precinct which is outside of any incorporated city or town therein.

The county commissioners demurred to the petition; the court sustained the demurrers, dismissed the petition, and taxed the petitioner, Potts, with the court cost. This appeal is prosecuted from that judgment, and it is the error assigned.

From the averments in the petition for writ of mandamus it appears that an election was held in August, 1921, for the entire county by authority of section 5881 of the Code of 1907, under the supervision and direction of the court of county commissioners to determine whether or not a stock law district of the county should be established, in which stock should not be permitted to run at large. In the election it was determined by a majority of the qualified electors voting in the election that the entire county, outside of the incorporated cities and towns therein, should be a stock law district in which it should be unlawful for live stock of every kind to run at large.

The petitioner and others constituting more than one-fourth of the bona fide freeholders residing in precinct 17, each of whom was over 21 years of age, owning a freehold estate in this precinct lying outside of any incorporated city or town, did on May 14, 1923, file a written petition desiring an election in this precinct to ascertain whether or not a majority of the qualified electors of the precinct desire or favor a law prohibiting the running at large of stock in that portion of the precinct which is outside of any incorporated city or town; and they deposited sufficient money with the judge of probate of the county to defray the expense of holding the election. This petition to the court of county commissioners appears from the averments in this petition for writ of mandamus to have been made under and to conform to the requirements of section 5882 of the Code of 1907, as amended in Gen. Acts 1909 (Sp. Sess.) p. 124. The court of county commissioners declined to consider the petition and to inquire whether it was signed by one-fourth of the bona fide freeholders residing and owning freehold estates in this precinct, as this statute requires. The court of county commissioners made the following order in its minutes in regard to this petition on June 11, 1923:

"The court having after due consideration and examination of a petition heretofore filed on the 14th day of May, 1923, asking that an election be held in Waterloo precinct for repeal of the stock law in that precinct, which was heretofore established by a vote of the entire county, find the same to be insufficient: First, on the fact that affidavit was not taken as required by statute. Second, on the fact that we are of the opinion that should the court order an election for the abolishment of any one district since the county has heretofore voted its desire for stock law in the whole county, the said election, if called, would be illegal. It is therefore ordered that said petition be denied, all commissioners voting 'aye.'"

---

⬩⬩⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The court of county commissioners possess original and unlimited jurisdiction in relation to the establishment, change or discontinuance of *stock law districts* within the county, except where otherwise provided by law. Section 3312, Code 1907.

Under the petition for writ of mandamus it is averred that a stock law district of the entire county outside of the incorporated cities or towns therein was established by the court of county commissioners by an election under section 5881 of the Code of 1907. This stock law for the county was in existence, had not been repealed, when the petition was filed in and denied by the commissioners' court. This petition in the court of county commissioners was filed under section 5882 of the Code of 1907, as amended General Acts 1909 (Sp. Sess.) p. 124, while the county wide law, prohibiting stock from running at large already existed. This section as amended provides for and authorizes an election to establish a stock law district in a precinct in a county whenever one-fourth of the bona fide freeholders residing in the precinct, owning a freehold estate in any such precinct shall petition the court of county commissioners in writing, averring the facts the statute requires. It provides the mode and directs the way to ascertain by an election in a precinct whether a majority of the qualified electors voting in the election desire to establish a stock law in a precinct. Caudle v. Com'rs' Court, 144 Ala. 502, 39 South. 307; Almon v. Court of County Rev., 179 Ala. 662, 60 South. 895. This petition was an attempt, by one-fourth of the bona fide freeholders residing in that precinct, to secure an election therein to determine whether a majority of the qualified electors voting in the election desired to repeal the county stock law in so far as it applied to precinct No. 17.

[1] This statute gave no such authority; it makes no provision for the repeal of a stock law in a county or in a precinct. See authorities, supra.

Section 5896 of the Code of 1907 provides the mode and the way to obtain an election to repeal an existing stock law in a county or in a precinct. This petition filed with the court of county commissioners did not comply with the requirements of this statute, which reads as follows:

"To secure an order for an election to repeal existing stock law or stock laws, a petition signed by a majority of the bona fide freeholders in the county or precinct, and who reside outside of an incorporated city or town, and whose land lies outside of any incorporated city or town, shall be necessary, said petition to be verified by affidavit of two or more, showing that petitioners are landowners of the county, or precinct; that their lands do not lie within an incorporated city or town. The truth of the allegation of such petition to be determined by the court of county commissioners from competent evidence, as in other cases in courts of law."

[2] If the county stock law established under section 5881 by an election in the county may be repealed as to precinct No. 17 in the county, under authority of section 5896, by an election in the precinct, which we do not decide, still this petition for that purpose, filed with the court of county commissioners, is insufficient and fatally defective. This petition, under the averments in the petition for writ of mandamus, fails to aver it was signed by a majority of the bona fide freeholders in the precinct, and who reside outside of an incorporated city or town therein, and whose land lies outside of an incorporated city or town therein. This the statute requires. It purports to be signed by "more than one-fourth," not "a majority." It does not appear that the petition is verified by affidavit of two or more, showing that petitioners are landowners of the precinct; that their lands do not lie within an incorporated city or town. This was necessary under the statute. Section 5896, Code 1907. These fatal defects in the petition filed in the commissioners' court were pointed out by the demurrers to the petition for writ of mandamus. The court properly sustained the demurrers, dismissed the petition, and taxed G. F. Potts, the petitioner, with the court cost.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.