(104 So. 345)

## HAMILTON v. STATE. (8 Div. 186.)

(Court of Appeals of Alabama. March 24, 1925. Rehearing Denied April 21, 1925.)

**1. Time ⚖︎9(8)—Bill of exceptions held filed within time prescribed by law.**

Where judgment of conviction was entered on January 7, a bill of exceptions, presented on April 7, was within time prescribed by Code 1907, § 11.

**2. Disorderly conduct ⚖︎1—Affidavit held to charge that offense committed in a public place.**

An affidavit that defendant, by rude and indecent behavior, disturbed a woman at a public place, to wit, a show, against the peace and dignity of state, *held* to charge an offense, and to show that alleged offense was committed in a public place, within meaning of law.

**3. Criminal law ⚖︎368(2)—Testimony as to a difficulty, which was occasion of defendant's commission of offense charged, properly admitted as part of res gestæ.**

Testimony as to difficulty between defendant's brother and another, which difficulty was in progress and was occasion of commission by defendant of offense charged, was properly admitted as part of res gestæ of offense charged.

Appeal from Lawrence County Court; W. R. Jackson, Judge.

Jim Hamilton was convicted of an offense, and he appeals. Affirmed.

The affidavit upon which defendant was tried is as follows:

"Before me, W. R. Jackson, judge of the county court in and for said state and county, on this day personally appeared A. A. Robert, who being sworn in due form of law deposes and says that before the making of this affidavit in said state and county Jim Hamilton, by rude or indecent behavior or by obscene language, disturbed a woman at a public place, to wit, a show at Landersville, Ala., against the peace and dignity of the state of Alabama."

These grounds of demurrer were interposed by defendant to the affidavit: (1) That the place where the alleged offense was committed was not a public place, within the meaning of the law. (2) The same charges no offense.

E. B. Downing, of Moulton, for appellant.

Counsel argues for error on the trial, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

RICE, J. [1] The trial was had and judgment of conviction entered on January 7,

1924. The bill of exceptions was presented to the trial judge on April 7, 1924. Under the provisions of section 11 of the Code of 1907, this was within the time prescribed by law, and the motion to strike the bill of exceptions is overruled.

[2] We think the affidavit was sufficient as against the demurrers interposed, and there was no error in overruling said demurrers.

[3] The exceptions reserved to the admission of testimony as to a difficulty between George Hamilton, brother of defendant, and one Frank Martin, are without merit, as the said difficulty was in progress, and was the occasion of defendant's activity in the premises, and constituted a part of the res gestæ of the offense charged. Granberry v. State, 184 Ala. 131, 62 So. 52.

No useful purpose could be served by a detailed discussion of the other exceptions reserved. They involve only elementary legal principles, and are obviously without merit.

There was ample evidence to support the judgment of conviction, and, finding no prejudicial error in the record, the case will be affirmed.

Affirmed.