[Stanfill v. Court of County Revenue of Dallas Co.

# Stanfill *v.* Court of County Revenue of Dallas County.

*Certiorari to Court of County Revenue to Review Proceedings Establishing District in which Stock not allowed to Run at Large.*

1. *Jurisdictional facts; duty of the court.*—In a petition to establish a district under act of the legislature, in which stock are not allowed to

[Stanfill v. Court of County Revenue of Dallas Co.]

run at large, the averment of the desire for an order to be made establishing such district, describing it; that petitioners are residents of the district; and such petition is signed by the freeholders, and filed with the judge of probate at least thirty days before the next term of the court; and notices of the application given, as required by the act, the court must hear the petition and make an order granting or dismissing it, in whole or in part.

2. *Certiorari proper remedy when no mode of review provided; judgment to be rendered.*—No mode of review having been specifically provided, *certiorari* is the proper remedy to review the questions of jurisdiction and the regularity of proceedings in the Court of County Revenue; and a judgment quashing or affirming the proceedings, is the only judgment which can be rendered on review.

3. *Counties*, though bodies corporate under the statute, are, more strictly speaking, political or civil divisions—governmental or auxiliary agencies—and the powers conferred on them are delegated for the purposes of civil and political organization, and can not be said to be violative of the maxim that legislative powers can not be delegated.

APPEAL from the City Court of Selma.

Tried before the Hon. JON. HARALSON.

This was an appeal taken from the refusal of the judge of the City Court of Selma to grant the petition of the appellant, John Stanfill, praying for a writ of *certiorari*, directing the proceedings had in the Court of County Revenue of Dallas county, set forth in said petition, to be brought up for review in said City Court; and originated as follows: A petition signed by Jere Johnson and twelve others, was filed with the probate judge of Dallas county on the 2d day of October, 1885, which averred that said petitioners were freeholders residing in that portion of Dallas county, embraced in the district known as Old Town, Pine Flat and King's precincts; prayed an order of said court to establish said several precincts into a district, in which stock should not be allowed to run at large; and asked to prohibit the running at large of stock therein, according to the provisions of an act of the General Assembly of Alabama, approved Feb. 28th, 1881. Of the filing of this petition, notice was given by the probate judge, thirty days before the next ensuing term of the Court of County Revenue of said county of Dallas, by publication in *The Times-Argus*, a newspaper published in the city of Selma; by posting at the court-house door, and at five other public places in said district. Counter petitions, numerously signed by residents of said precincts, were also filed; witnesses were introduced, and the petition regularly heard. Counsel for counter petitioners objected to the consideration of the petition, on the ground that the act of the General Assembly, approved February 28th, 1881, giving the Court of County Revenue of Dallas county jurisdiction in such cases, was unconstitutional and void; which objection was overruled by the court, and counter petitioners excepted. The petition was granted,

and an order establishing the district prayed for was made. Thereupon John Stanfill, one of said counter petitioners, petitioned for the writ of *certiorari* from the City Court, which was denied.

GASTON A. ROBBINS, for appellant.

N. H. R. DAWSON, for petitioners, made the following points: (1.) The original petition is sufficient, and sets out all the jurisdictional facts. It fully describes the district, alleges that the petitioners reside therein, and is signed by more than ten freeholders. The petition was filed with the judge of probate thirty days before the next ensuing term; notices were given by posting one notice at the court-house door and five copies at as many different public places in the district; and by publishing one notice of the application in a newspaper published in Dallas county. (2.) The order of the court is sufficient. It granted the petition, extending the law over *two* precincts—the act providing that the court may grant or dismiss the petition *in whole or in part*. (3.) Except as restrained by constitutional provisions, State and Federal, the General Assembly of Alabama has the same plenary power as the British Parliament, subject to the qualification that the power is purely legislative in its character.—*Dorman v. The State*, 34 Ala. 316; *Davis v. The State*, 68 Ala. 60.; *Van Hook v. City of Selma*, 70 Ala. 363. The act in question is violative of no provision of the constitution. (4.) Counties are *quasi* corporations, and exist under general laws of the State, for the greater convenience of government, and are vested with certain corporate powers.—Cooley's Constitutional Limitations, 240–1. The act under consideration simply authorizes the Court of Revenue to apply its provisions in a particular case, and to put it into operation.—13th Am. Rep. 716.

CLOPTON, J.—The act of the legislature, under which the proceedings were had, provides that whenever any ten freeholders petition in writing the Court of County Revenue, stating that they desire an order to be made establishing a district, wherein stock shall not be allowed to run at large; that they are residents of the district, fully describing it; and such petition is filed with the judge of probate at least thirty before the next term of the court, and notices of the application are posted at the court-house, and at three public places in the district, and once in a newspaper, if one is published in the county, the court must hear the petition, and any persons opposed to it, and make an order granting or dismissing such petition, in whole or in part.—Acts, 1880–1, p. 163. The peti-

[Stanfill v. Court of County Revenue of Dallas Co.]

tion is in writing, and signed by more than ten freeholders. It avers substantially all the jurisdictional facts, and was filed with the judge of probate thirty days before the next term of the court. Notices of the application were posted at the court-house, at five public places in the district described, and published once in a newspaper. The petition is sufficient to put the jurisdiction of the court into exercise; the notices given were substantially such as required; the proceedings appear to be regular; and the order conforms to the requirements of the statute.

No mode of review having been specially provided, *certiorari* is the proper remedy. The office of a *certiorari*, at common law, extends to questions of jurisdiction, and of the regularity of the proceedings. Only errors of law apparent on an inspection of the record will be corrected. Neither conclusions of facts, nor the manner in which discretion has been exercised, will be reviewed, jurisdiction having attached. A judgment quashing or affirming the proceedings is the only judgment which can be rendered on review.—*Town of Camden v. Bloch*, 65 Ala. 236; *McAllilley v. Horton*, 75 Ala. 491.

While counties are declared by statute to be bodies corporate, they are, more strictly speaking, political or civil divisions, created and organized to aid in the administration of the State government—governmental or auxiliary agencies. They are created for the convenience, interests and benefit of the people residing in the territorial limits; and powers of local government are entrusted to the local authorities on the supposition that they possess more available means and opportunities to ascertain the needs and wishes of the people in respect to local matters, and are better qualified to determine what local regulations are important and contributive to their convenience and well being. From the origin of the government counties have been organized and existed; and the entrusting to their local authorities *quasi* legislative powers and functions has never been considered as violative of the maxim that legislative power can not be delegated. Such conferred powers are the powers of the State, and are conferred for the purposes of local and political organization. The Court of County Revenue is the authority that acts for and exercises the powers of Dallas county; and conceding that the power conferred by the act is *quasi* legislative, it constitutes no valid objection to its constitutionality.—*Askew v. Hale county*, 54 Ala. 639; Cooley Con. Lim., 140.

*Certiorari* refused.