# Commissioner's Court of Blount County *v.* Johnson.

*Certiorari to Review Stock Law Election.*

[DECIDED JAN. 9, 1906, 39 So. REP. 910.]

1. *Animals; Stock Law Eelections; Validity.*—The county of Blount, having a local stock law, which was not repealed by the general stock law (Acts 1903, p. 431), and as to some provisions, both laws having a field of operation, an election held under the provisions of the general stock law for a district described by metes and bounds and not stated to be an entire precinct, is void.

2. *Courts; Commissioners Courts; Jurisdiction.*—The courts of county commissioners, in the exercise of statutory powers, are courts of limited jurisdiction, and the records must affirmatively show the existence of all the facts necessary to give jurisdiction; and where the petition for a stock law election describes the portion of the county by metes and bounds and the record no where shows that the said portion was an entire precinct, the court of county commissioners is without jurisdiction to entertain the petition.

3. *Certiorari; Review of Void Election.*—Although the statute authorizes a contest of an election for a stock law, certiorari is the proper remedy to review the action of the court establishing a stock law district under a void election; there being nothing to contest if the election is void.

4. *Same; Interest of Parties.*—Resident electors and land owners of a district affected by a void stock law election have sufficient interest therein to be entitled to apply for a writ of certiorari to review the proceedings.

[Commissioner's Court of Blount County v. Johnson.]

APPEAL from Blount Circuit Court.

Heard before W. W. HARALSON.

On November 15, 1904, certain persons, describing themselves as freeholders of precinct No. 19 in Blount county, Ala., filed a petition in the probate court of said county, asking that an election be held in certain territory of said county, which is described in the petition and is not a description of the entire beat No. 19, to ascertain whether or not stock should be permitted to run at large in the territory described. The commissioners' court found that the signers constituted a majority of the *bona fide* freeholders of the territory described in the petition and ordered the election, at which election a majority of those voting voted in favor of the stock law, and an order was entered in the commisisoners' court prohibiting stock from running at large. On March 13, 1905, Al Johnson, who describes himself as a *bona fide* freeholder residing in said territory over which stock law had been established by the order above set out, and also alleging that he was a *bona fide* freeholder residing in precinct 19 of Blount county, Ala., filed in the circiut court a petition for *certiorari* to the commissioners' court of Blount county, requiring them to send up their acts and doings, together with all the papers and orders in the matter of the election for or against stock law in certain described territory in precinct 19 of Blount county, Ala. An order was granted by the circuit judge awarding a writ of *certiorari*, to which writ the commissioners' court made proper return, and upon a review of their acts and doings the circuit court quashed and annulled the same and declared the election held thereunder null and void. From this order the commissioners' court appealed.

T. B. RUSSELL and G. W. DARDEN, for appellant.— Counsel discuss the authority of the court to order the election and insist upon the demurrers filed to the petition for writ of *certiorari* but cite no authority other than the local stock law act for Blount county.

[Commissioner's Court of Blount County v. Johnson.]

WARD & WEAVER, for appellee.—The *certiorari* is sufficient in its allegation, and not subject to the grounds of demurrer interposed. The court of county commissioners is a court of limited jurisdiction and the facts to give it jurisdiction must affirmatively appear of record. Both the local stock law for Blount county and the general stock law for the state have a field of operation in the county, and it appears that the election was held under the general law and the jurisdictional facts do not appear of record. It affirmatively appears of record that the court was without jurisdiction to entertain the order and grant the petition for the stock law election.

ANDERSON, J.—The petition in this case was evidently not filed under the local law for Blount county (Acts 1901, p. 1800), but was doubtless attempted under the provisions of section 2 of the general law (Acts 1903, p. 432). While under the local law the result of the election to be held throughout the county permits the result to apply as per the vote of the beats, respectively, and one beat could get the stock law, though it may have failed in the entire county or in some other precinct, yet there is no provision authorizing a separate and distinct election for any one precinct, or any number of precincts short of the entire county. The general law cannot be "construed as repealing any local stock law heretofore enacted" (section 1, p. 431) ; but, as section 2 thereof provides upon certain conditions for an election in any one precinct, it would seem that there is a field of operation for both laws. An election can be had for the entire county under the local law and for a single precinct under the geenral law of 1903. In order, however, for the court of county commissioners to order an election under section 2 of the general law, a petition must be filed by "a majority of the *bona fide* freeholders in the precinct to be affected, who must own a freehold estate in such precinct, stating that they desire an election in such precinct to ascertain whether or not a majority of the qualified electors of said precinct desire

or favor a law prohibiting the running at large of stock in said precinct," etc. It will be observed that a precinct is the unit fixed, and that the commissioners' court would be without jurisdiction to order an election in a part or subdivision of a precinct.—*Caudle v. Commissioners' Court,* 144 Ala. 39 South. 307.

The petition in the case at bar does not ask for an election as to an entire precinct, but only certain described territory by metes and bounds and which may be far short of the entire precinct. The order of the coŭrt declaring the result describes the territory as that part of the precinct described in the petition. The commisisoners' court, in the exercise of statutory powers, as were conferred by the act in question is a court of limited jurisdiction, and to uphold its proceedings under the statute its records must affirmatively show the existence of the facts upon which its authority rests.— *Flowers v. Grant,* 129 Ala. 275, 30 South. 94; *Joiner v. Winston,* 68 Ala. 130; *Stanfill v. Court of County Revenue,* 80 Ala. 287; *Brooks v. Johns,* 119 Ala. 412, 24 South. 345. No method having been provided by which the action of the commissioners' court can be reviewed, *certiorari* is the proper remedy.—*Stanfill v. Court of County Revenue, supra; Miller v. Jones,* 80 Ala. 89. It matters not .that the statute gives the right to contest the election. If the proceedings calling the election are void, an interested party should be permitted to review and quash the same, and not confined to a contest of the election. Furthermore, as the election was void, there was nothing to contest.

The petition avers that the petitioners are resident electors and landowners in the precinct to be affected by the proceedings, which shows that they are sufficiently interested to entitle them to apply for the writ.

The judgment of the circuit court is affirmed.

TYSON, DOWDELL, and SIMPSON, JJ., concur.