174 So. 507
**POYNER et al. v. WHIDDON et al.**

4 Div. 941.

Supreme Court of Alabama.

May 13, 1937.

T. E. Buntin, of Dothan, for appellants.

Tompkins & Ramsey, of Dothan, for appellees.

BROWN, Justice.

This bill was filed by the appellees, resident citizens and taxpayers, against appellants, the County of Houston, its Court of County Commissioners, the individual members thereof, the judge of probate, and the Austin Western Road Machinery Company, a corporation, to enjoin the performance by the parties of an alleged contract between the county and said Austin Western Road Machinery Company, for the sale and delivery to the county of certain road machinery for a consideration of $6,405.51; which the bill alleges was $1,820.13, in excess of the lowest responsible bid submitted in response to the advertisements for bids in a competitive bidding.

The bill seeks to have the alleged contract declared void on the ground that it was procured by the fraud of the contractee, the Austin Western Road Machinery Company, and was entered into and approved by the Court of County Commissioners in violation of the statute creating said court and limiting its power to contract in the purchase of such machinery.

The summons directed to the defendant Austin Western Road Machinery Company was served on one George Moulton, as agent of said defendant, and said defendant *appeared specially* and filed a motion to quash the service, alleging in said motion that said Moulton was not an agent of said respondent, that Rushton, Crenshaw & Rushton, a law firm of Montgomery, Ala., "was the designated agent of the named respondent in the office of the Secretary of State, upon whom due process could be served, and said summons was not served on said Rushton, Crenshaw & Rushton."

No steps were taken to have said motion disposed of, and nothing further was done to perfect service on said defendant or compel it to appear generally, and it made no further appearance, but before submission on the pleadings and proof for final decree, the complainants amended the bill by striking Austin Western Road Machinery Company as a party defendant.

The remaining defendants other than J. J. Whiddon, filed a demurrer to the bill and motion to dissolve the temporary injunction for want of equity. The demurrer also raised the constitutionality of certain local acts, including the act of June 27, 1935, Local Acts 1935, pp. 71–76, creating the defendant the Court of County Commissioners for Houston County.

These constitutional questions were settled adversely to appellants in State ex rel. McIntyre v. McEachern, 231 Ala. 609, 166 So. 36.

On submission on the demurrer and motion to dissolve the temporary injunction, the court entered a decree overruling both, but modified the injunction so as only to restrain the appellants from paying in excess of $4,599.66, the bid made by Young & Vann Supply Company of Birmingham, Ala., alleged in the bill to be the lowest responsible bidder for supplying said road machinery, and which the bill alleges was approved and recommended by the county road foreman.

On the final submission on pleadings and proof, the court entered a final decree declaring the alleged contract between the County of Houston and the Austin Western Road Machinery Company void, and made perpetual the temporary injunction as issued on the filing of the bill.

The appeal is from the final decree, but errors are assigned on the interlocutory decree overruling the demurrer and the motion to dissolve the injunction, and on the final decree making perpetual the injunction.

The appellants' first contention is that the Court of County Commissioners created

by the Act of June 27, 1935, is a court record, and whether its acts are in the exercise of judicial power or of mere ministerial authority and duty, its records are the only evidence thereof, and they are not subject to impeachment on collateral attack.

It is the settled law that such court acts as a body, and that its acts are shown by its records, whether it is exercising legislative, judicial, or ministerial power and authority. Mobile County v. Maddox, 195 Ala. 336, 70 So. 259; Browning v. St. Clair County, 195 Ala. 121, 71 So. 108.

When such court is in the exercise of its statutory and limited jurisdiction, its judgment and decrees are subject to collateral attack, unless the record recites all the facts upon which such jurisdiction depends. Commissioners' Court of Lowndes County v. Hearne, 59 Ala. 371; Gantt et al. v. Court of Commissioners of Covington County, 210 Ala. 125, 97 So. 129; Commissioners Court v. Holland, 177 Ala. 60, 58 So. 270; Commissioner's Court of Blount County v. Johnson, 145 Ala. 553, 39 So. 910. When it exercises mere ministerial power, its records are only prima facie evidence of the facts recited, and are subject to impeachment by competent countervailing evidence. Jeffersonian Publishing Co. v. Hilliard, 105 Ala. 576, 17 So. 112.

The local act of June 27, 1935, creating the Court of County Commissioners for Houston County, made said court one of limited jurisdiction as to subjects specified in section 13 of said act; and requires that contracts, such as the one attacked by the bill, be let at competitive bidding, "to the lowest responsible bidder," and declares that: "Any and all contracts made and entered into, or purchases made by the Court of County Commissioners, or County Road Foreman of Houston County, in violation of the terms of this section *shall be null and void* and it shall be unlawful for the Probate Judge to issue a warrant in payment of same." (Italics supplied.) Local Acts 1935, pages 71, 75; State ex rel. McIntyre v. McEachern, 231 Ala. 609, 166 So. 36.

The averments of the bill show that the contract in question was made in violation of said section 13; that the contract was let to the highest, not the lowest responsible bidder; that the bid accepted and approved was upward of $1,800, more than the bid of said lowest bidder.

If this is true, and on demurrer and motion to dissolve for *want of equity* in the bill the averments are taken as true, said contract is void, and the county authorities were not warranted in paying public funds on the basis thereof, or issuing negotiable warrants pursuant thereto.

It was the right and duty of the county to submit in its·published bids the specifications for the article which it desired to purchase, and the bidder to qualify must meet said specifications. The county was under no obligation, and under the statute the county authorities had no authority, to modify the specifications to suit a single bidder. Carson Cadillac Corporation v. City of Birmingham et al., 232 Ala. 312, 167 So. 794. Such course would not only destroy the purpose of the statute, but would open the door to fraud. No doubt, it was the legislative purpose in prescribing said restrictions on the county authorities to avoid such results.

The appellants' next contention is that appellees had a complete and adequate remedy at law in the common-law writs of certiorari or mandamus.

To entitle a party to invoke the court's jurisdiction to review the action of a subordinate court or body, by the writ of certiorari, he must show that he is a party to the proceeding or "that he has a personal interest in the subject-matter, and not a mere public interest, in common with the general public." St. John et al. v. Richter et al., 167 Ala. 656, 52 So. 465, 466; Commissioner's Court of Blount County v. Johnson, 145 Ala. 553, 39 So. 910; Commissioners' Court of Lowndes County v. Hearne, 59 Ala. 371.

The writ of mandamus is an extraordinary legal remedy grantable only when the petitioner shows a clear specific legal right for the enforcement of which there is no other adequate remedy. Ex parte Smith, 228 Ala. 232, 153 So. 152; Brody v. Armstrong, 205 Ala. 263, 87 So. 798.

Clearly these remedies—certiorari and mandamus—were not open to a mere citizen and taxpayer who had no more interest in the controversy than any or all other taxpayers of the county. There is nothing in the decision of this court in State ex rel. McIntyre v. McEachern, supra, that in any way conflicts with the principles of law stated above.

The remedy invoked by the bill was the appropriate and only remedy open to the

complainants; if as alleged in the bill, the court of county commissioners proceeded in contravention of its limited statutory power, the contract is void. If the contract was void, the county and its officials were not authorized to devote the public moneys of the county to the carrying out of such void schemes, and the complainants were within their rights in invoking the injunctive powers of the court to restrain such threatened payment. Kumpe et al. v. Bynum et al., 158 Ala. 311, 48 So. 55; Gillespie v. Gibbs et al., 147 Ala. 449, 41 So. 868.

 The contract was either void or it was valid. If void, validity could not be injected into it by allowing the defendants to perform, by paying the amount of the lowest bid, and enjoining the payment of the sum in excess thereof. Therefore, we are of the opinion, if complainants were entitled to relief, that the court properly disregarded the interlocutory decree modifying the injunctions, in entering the final decree.

It appears on the face of the record that the Austin Western Machinery Company, a party to the alleged contract, and therefore a necessary party to the bill which seeks to have the contract declared null and void, was stricken by amendment. Huddleston v. Fuller, 229 Ala. 74, 155 So. 556; Winn et al. v. Fitzwater et al., 151 Ala. 171, 44 So. 97.

"The general rule is, that if a bill is defective for the want of proper parties, advantage should be taken of the defect, by plea, demurrer, or answer, and if not so taken, the objection is waived. The rule is subject to the exception, that if the cause can not be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, it may be taken by the court ex mero motu. McMaken v. McMaken, 18 Ala. 576; Goodman v. Benham, 16 Ala. 625; Woodward v. Wood, 19 Ala. 213." Prout v. Hoge, 57 Ala. 28.

In the case last above cited, where a necessary party was not brought in, the court observed: "This error is vital, and must reverse the decree, although objection was not made in the court of chancery. Otherwise, a practice would be sanctioned violating the fundamental principles of equity, and which would provoke rather than terminate litigation." 57 Ala.

28, 32. See Garner et al. v. Empire Land Company et al., 217 Ala. 528, 117 So. 64; Gillespie et al. v. Gibbs et al., supra.

In view of the fact that the litigation involves public funds, a matter of public importance to the county, we are exercising our discretion, not to dismiss the bill, but to reverse the final decree and remand the case with direction that unless the bill is amended and service perfected upon said necessary party, to dismiss the bill.

The temporary injunction will remain in force until final hearing on the merits, or until the bill is dismissed.

Let the appellees pay the costs of the appeal.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.