88 So.2d 329

**George D. FINLEY**

v.

**W. A. JENKINS, Jr., as Judge.**

**6 Div. 929.**

Supreme Court of Alabama.

Dec. 22, 1955.

Rehearing Denied June 21, 1956.

--------

M. B. Grace, Birmingham, for appellant.

Caesar B. Powell, Birmingham, for appellee.

PER CURIAM.

This cause originated in the Intermediate Civil Court of Birmingham. It began by the filing of a suit by George Finley (appellant) against James Connell and Inlene Connell (appellees) for the sum of $100 for an attorney's fee. The defendant filed a motion to dismiss the cause on the ground that the demand was below the jurisdiction of that court and the court did not have jurisdiction. The court granted the motion and dismissed the cause, taxing the plaintiff with the costs. Thereafter George D. Finley filed a motion for a new trial which was overruled. After this ruling, George D. Finley applied to the Circuit Court of the Tenth Judicial Circuit of Alabama for a writ of mandamus and rule nisi was issued. Demurrers of James Connell and Inlene Connell to the petition for mandamus were sustained. When George D. Finley declined to amend or plead further, the petition was dismissed and the costs taxed against him. This appeal followed.

The act establishing the Intermediate Civil Court of Birmingham may be found in the Local Acts of 1935, p. 219 and the act amending the foregoing act may be found in General and Local Acts of 1949, p. 891. The amendatory act provides in Section 1 as follows:

"That the Intermediate Civil Court of Birmingham shall no longer have or exercise jurisdiction in any civil case where the amount in controversy does not exceed the sum of One Hundred Dollars ($100.00), provided that said court shall continue to exercise such jurisdiction with respect to pending cases and to enforce its judgments already rendered."

The amendatory act further provides in Section 5 thereof as follows:

" * * * That an appeal may be taken from judgments of said Court according to the procedure now provided by law within ten days from final judgment."

Two questions are presented on this appeal which may be stated as follows: (1) Did the Intermediate Civil Court of Birmingham have jurisdiction of the suit brought by appellant? (2) Was mandamus the proper remedy to review the action of that court in dismissing appellant's suit for want of jurisdiction?

We must determine the second question first because if mandamus is not the proper remedy, then the first question is not reached. The writ of mandamus is an extraordinary legal remedy which will only be granted when there is a clear, specific legal right shown for the enforcement of which there is no other adequate remedy. Ex parte Taylor, 236 Ala. 219, 181 So. 760; Poyner v. Whiddon, 234 Ala. 168, 174 So. 507.

It is the general rule that mandamus will not lie when there is a remedy by appeal. Ex parte Taylor, supra. And further that mandamus will not be granted for the purpose of review or as a substitute for appeal. Ex parte Jackson, 212 Ala. 496, 103 S¢. 558; Ex parte Wright, 225 Ala. 220, 142 So. 672; Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520; Ex parte Taylor, supra; Ex parte Hendree, 49 Ala. 360.

Appellant seeks to bring the present case within the influence of Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510, where mandamus was allowed because of the public interest involved in a divorce suit. It is argued that the public interest arises because the Intermediate Civil Court of Birmingham did not follow our decision in Roe v. Brown, 249 Ala. 425, 31 So.2d 599, and mandamus should be granted to compel conformity. The theory is that although interest is not claimed in the complaint, the necessary allowance of interest in the event the plaintiff recovers makes the amount involved in excess of $100 and so within the jurisdiction of the Intermediate Civil Court of Birmingham.

Without conceding any public interest or intimating any opinion as to the applicability of Roe v. Brown, supra, we call attention to the fact that in the Weissinger case, supra, an interlocutory order was under review, while here there was a final judgment of the Intermediate Civil Court of Birmingham. That court determined that it had no jurisdiction as it had a right to do. Crump v. Knight, 256 Ala. 601, 56 So.2d 625. This finding constitutes a valid judgment and therefore will support an appeal. The plaintiff therefore had a clear and adequate remedy by appeal to the circuit court.

It results that mandamus was not the proper remedy to review in the circuit court the action of the Intermediate Civil Court of Birmingham in entering its final judgment dismissing the suit for want of jurisdiction and taxing the appellant with costs.

Accordingly, the judgment of the lower court must be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.