WRIGHT, Presiding Judge.
James Dupree appeals from judgment striking his petition of mandamus. We affirm.
On June 4, 1976, in the Circuit Court of Montgomery County, Alabama, Dupree filed petition for writ of mandamus to be issued to the Director, Department of Public Safety, State of Alabama, compelling him to issue to Dupree a “limited license to operate a motor vehicle upon the public roads in the State of Alabama while conducting the affairs of his employer . ..”
The petition states that Dupree was adjudged guilty of driving while intoxicated in Jefferson County, Alabama on April 6, 1976. He paid a fine and cost therefor; he did not appeal from the conviction within the time given by statute (the stated reason for not perfecting an appeal is immaterial); on May 5, 1976, the driving privilege of Dupree was revoked by the Director (a mandatory revocation under Title 36, Sec. 68, Code of Alabama (1940), Rogers v. Russell, 284 Ala. 477, 225 So.2d 879 (1969)); petitioner has demanded from Director a “limited privilege” as driving a motor vehicle is necessary to his employment; Director has refused to grant such privilege.
The Director answered the petition, alleging the conviction, his mandatory duty to revoke under the statute and lack of subject matter jurisdiction and moved to strike the petition. The motion to strike was granted.
Dupree on appeal admits that the first four grounds of the Director’s motion to strike are true. However, he takes issue with ground 5 — i. e., the court is without subject matter jurisdiction. He further states that the petition for mandamus “is not an appeal or an action seeking review of the action taken from the adverse judgment suffered on the 6th day of April, 1976 . but an action seeking affirmative relief from the hardship of the consequence of said judgment and the harsh effects of Title 36, Sec. 68.”
“There is no provision in the Alabama statute providing for such a proceeding and such is without authority of law.”
This last quoted statement from the brief of Dupree is exactly correct. It is the reason his petition for mandamus was dismissed. It is the reason we affirm.
Dupree appears to be under the impression that there is a remedy by mandamus from the properly entered order of *957 the Director because the result is a hardship upon him. Such impression is not correct. Mandamus is an extraordinary legal remedy to be granted only if there is a clear, specific legal right for enforcement of which there is no other adequate remedy. Finley v. Jenkins, 264 Ala. 536, 88 So.2d 329 (1955). His admission of the absence of any authority of law for his petition rendered the court without subject matter jurisdiction to issue a responsive writ.
The dicta in Kelley v. Lingo, 280 Ala. 128, 190 So.2d 683 (1966), indicating that though there is no right of appeal from the mandatory revocation of a driver’s license by the director, there might be another remedy, clearly must refer to a remedy of review. It cannot mean that a correct act by the Director could be set aside and nullified merely because the result was a hardship upon the licensee. There is no legal right to relief from a penalty required to be imposed for a violation of the law.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.