These are appeals from the dismissal of amended petitions for writs of mandamus addressed to the District Court of Lee County. We affirm.
The appellants-defendants are tenants in a publicly subsidized apartment complex operated for low income tenants by the Housing Authority of the City of Auburn. During the period of their leases the tenants defaulted in the payment of rent. Ultimately the Authority initiated possessory actions under the provisions of Code of 1975, § 35-9-80, formerly Tit. 31, § 35,Alabama Code and popularly known as the "Sanderson Act." After a trial, the District Judge of Lee County entered judgment against the tenants and ordered execution to issue. No writ of restitution was issued, however. On the day after judgment was entered the tenants filed notices of appeal, demanding jury trials. These appeals did not comply with § 35-9-87 (b) of the "Sanderson Act" which requires the filing of a supersedeas bond in the sum of twice the yearly value of the rent in order to prevent the issuance of a writ of restitution. The tenants did comply, however, with the provisions *Page 953 
of Rule 62 (dc)(5), ARCP and on that basis moved the district judge to stay execution of his judgment favoring the Authority. That court, in denying these motions, relied upon § 35-9-87
(b). The tenants then moved for a waiver of the supersedeas bond requirement, alleging that such a requirement would violate the Constitution of 1901, § 11 (right to trial by jury) and their rights to equal protection under the Fourteenth Amendment. In the alternative the tenants offered appeal bonds in the amount of their accrued monthly rent. These motions were also denied, as were motions for new trials, whereupon the tenants filed their petitions for writs of mandamus, as amended, in the Circuit Court of Lee County requesting that the district judge be ordered to issue a stay of execution of the judgments. After a hearing on the petitions, the Authority's motions to dismiss were granted by the circuit court. These appeals followed.
It is well settled in this jurisdiction that mandamus will not lie when there is a remedy by appeal, and the writ cannot be used as a substitute for appeal. Finley v. Jenkins, 264 Ala. 536, 88 So.2d 329 (1956). Mandamus is an extraordinary legal remedy to be granted only when there is a clear, specific legal right shown for the enforcement of which there is no other adequate remedy. Poyner v. Whiddon, 234 Ala. 168, 174 So. 507
(1937); 14 Ala.Dig., Mandamus, 4 (1).
The positions of the defendants spring from their argument that the supersedeas bond requirements of § 35-9-87 (b) have been replaced by Rule 62 (dc)(5), ARCP. From this position the defendants also assert their right to a jury trial under "Sanderson Act" proceedings, and contend that the two-year rent requirement under § 35-9-87 (b) is an impediment to that right. In that connection, the defendants contend that they have a legal right to a jury trial before being dispossessed because, they assert, should they have been dispossessed before trial and later win restitution to possession after trial, they would risk the unavailability of equivalent housing. Finally, the defendants maintain that the double rent-bond requirement under § 35-9-87 (b) is arbitrary, thus violating their right to equal protection of the laws.
We pretermit extensive analysis of these arguments, each of which is sharply contested by the plaintiffs, because we have concluded that the circuit court was correct in dismissing the petitions for the writs of mandamus. For one thing, although the conditions of appeal from the decision of the district court appear to the defendants to be onerous and unconstitutional, nevertheless the right to appeal to the circuit court is provided, and the issues presently insisted upon may be raised therein, and higher if necessary. And without suggesting any conclusion with respect to the ultimate merits of the defendants' arguments, we must point out that no writ of restitution requiring a termination of possession was shown to have been issued by the district court at the time of the hearing before the circuit court. This, together with the speculation of a "Pyrrhic victory" if dispossession occurred before a new trial, discloses the lack of a clear, specific right to relief. Therefore, the decisions of the circuit court denying the writs of mandamus must be, and are, hereby affirmed.
AFFIRMED.
MADDOX, ALMON and SHORES, JJ., concur.
JONES, J., concurs specially.