The sole issue presented by this petition for writ of mandamus is whether the trial court abused the discretion permitted in discovery matters in prohibiting the plaintiffs from using the deposition of a licensed physician expert as substantive evidence in the trial of the case.
The action underlying this petition is a medical malpractice action in which the plaintiffs allege that the defendants negligently treated Sheila Coots, who died after the suit was filed. Her personal representative was subsequently substituted as a party plaintiff. During the discovery period, Dr. Robert K. Sangster, one of the defendants, issued the following notice that he would take the deposition of Thomas F. Blake, M.D., who had previously been designated as a witness for the plaintiffs:
 "You are hereby notified that Dr. Robert K. Sangster will take the testimony by deposition upon oral examination for the purpose of discovery or for use as evidence in this cause, or for both purposes, in accordance with the Alabama Rules of Civil Procedure, of Dr. Thomas F. Blake, at the offices of Dr. Thomas F. *Page 1293 
Blake, 1549 N.E. 123 3rd Street, North Miami, Florida 33161 on the 14th day of September, 1987, at 12:00 noon, before a Court Reporter and notary public, or some other person authorized by law to administer oaths and take depositions. The examination will continue from day to day until completed. You are invited to attend and cross-examine." (Emphasis added.)
On the date of the deposition, before any testimony was elicited from Dr. Blake, the following exchange occurred:
 "[ATTORNEY FOR DEFENDANTS]: . . . [B]efore we begin, I wanted to make sure that there's an understanding that this deposition is being taken pursuant to Rule 26, and that this will be a discovery deposition pursuant to Rule 26 under the Rules of Civil Procedure, and that no trial testimony will be elicited from Dr. Blake at this time, until we have a chance to review the transcript of this deposition.
 "[ATTORNEY FOR PLAINTIFFS]: Well, I intend to go ahead with all of mine on cross-examination. I intend to go ahead with all of the testimony that I expected to elicit in the trial of the case.
 "[ATTORNEY FOR DEFENDANTS]: Well, we would object to that on the basis that this deposition was noticed pursuant to Rule 26 as a discovery deposition.
 "And I think it's blatantly unfair for you to now elicit trial testimony from Dr. Blake at this time without us having an adequate chance to discover his opinions after reading the transcript, and, then, being able to develop a cross-examination which is effective based upon what testimony you may elicit from him as far as trial testimony goes.
 "[ATTORNEY FOR PLAINTIFFS]: Well, it says, and according to the Alabama Rules of Civil Procedure, that depositions can be used for any purpose."
Thereafter, the parties took the deposition of Dr. Blake, and the plaintiffs elicited testimony that they intended to use as substantive evidence at the trial of this case. Subsequently, the defendants filed a motion for "an order prohibiting the plaintiffs from reading into evidence at the trial of this cause, the deposition of Dr. Thomas F. Blake," As grounds for this order, the defendants asserted:
 "[We] had no opportunity for discovery from Dr. Blake regarding his qualifications, opinions, and factual basis for such an opinion other than an affidavit offered by the plaintiffs in opposition to these defendants' motion for summary judgment. The plaintiffs did not notice or otherwise advise these defendants of their intention to question Dr. Blake at his deposition for use as evidence at the trial of this action. To permit Dr. Blake's testimony in its present deposition form to be read to the jury deprives these defendants of the right to effective cross-examination of the witness."
The trial court issued an order containing the following language:
 "In the circumstances of this case, it is the judgment of the court that the plaintiffs' use of the deposition at trial as substantive evidence would unfairly deny the defendants an opportunity to cross-examine Dr. Blake. The deposition of Dr. Blake having been taken at the instance of the defendants for the sole purpose of discovery, there was no reason for them to cross-examine him at the time the deposition was taken. Had plaintiffs' counsel intended to examine the witness for possible use of his deposition testimony as substantive evidence at trial, fairness dictates that he should have given defendants notice of his intention prior to the taking of the deposition.
 "The mandate of Rule 32 that certain depositions may be used by any party for any purpose cannot reasonably be construed to allow a party to be unfairly denied the right to cross-examine.
 "Accordingly, the plaintiffs shall not be permitted at trial to use their counsel's examination of Dr. Blake contained in his deposition of September 14, 1987, as substantive evidence unless the plaintiffs arrange for Dr. Blake to be available for further deposition testimony at which time the defendants shall be afforded *Page 1294 
an opportunity to cross-examine Dr. Blake. The plaintiffs shall be responsible for the court reporting costs of such additional deposition and any charges made by the witness. Each party shall bear his own costs of attorney fees and travel expenses."
The trial court's conclusion that the deposition was taken for the sole purpose of discovery is inconsistent with the notice actually given by the defendants, which stated that the deposition was "for the purpose of discovery or for use as evidence in this cause, or for both purposes, in accordance with the Alabama Rules of Civil Procedure." Rule 32(a)(3)(D), Ala.R.Civ.P., provides that the deposition of a witness, whether or not a party, may be used for any purpose if the court finds that the witness is a licensed physician or dentist. This rule makes no distinction between a discovery deposition and an evidentiary deposition, and the respondents have not cited any authority that recognizes such a distinction.
As the petitioner points out in his brief, federal courts, including the Fifth and Eleventh Circuit Courts of Appeals, have rejected the argument that a distinction exists between "discovery" depositions and "evidentiary" depositions. InGill v. Westinghouse Electric Corp., 714 F.2d 1105, 1107 (11th Cir. 1983), the court approved the defendant's use of the deposition of an expert who had died prior to trial, saying:
 "Although Appellants concede that the fifth circuit's decision in Savoie v. LaFourche Boat Rentals, Inc., 627 F.2d 722, 724 (5th Cir. 1980) permits discovery depositions to be introduced into evidence when the requirements of Fed.R.Civ.P. 32(a)(3) are met, they argue that this approach fails to recognize the exploratory character of pretrial discovery and should be reconsidered. This panel does not have the authority to overrule binding precedent. Even if we had such authority, we would decline to exercise it here. Savoie and earlier fifth circuit cases . . . recognize that pretrial depositions are not only intended as a means of discovery, but also serve to preserve relevant testimony that might otherwise be unavailable for trial."
The Savoie case, at 724, states:
 "Loffland asserts that the trial court should not have permitted LaFourche to introduce a deposition of an expert witness taken by Loffland's attorney. Loffland contends that, because the deposition was identified as being taken for discovery purposes, it could not be used at trial to supply evidence that Loffland was negligent. To support this novel theory, Loffland suggests that discovery will be discouraged if 'discovery' depositions of expert witnesses can be used at trial against the deposing party. Loffland cites no authority, and we know of none, in support of the proposition that discovery depositions may not be used at trial against the party who conducted them. On the contrary, Fed.R.Civ.P. 32 provides that depositions of witnesses 'may be used by any party for any purpose if the Court finds. . . .' "
In another federal case, United States v. InternationalBusiness Machines Corp., 90 F.R.D. 377 (S.D.N.Y. 1981), the defendant, IBM, sought to use 15 depositions as direct evidence. IBM deposed 10 of the plaintiff's witnesses, and the plaintiff deposed 5 of the defendant's witnesses. In seeking to introduce these depositions into evidence, IBM relied on Fed.R.Civ.P. 32(a)(3)(B), which provides that the deposition of a witness who is more than 100 miles away may be used for any purpose. The plaintiff opposed the use of the depositions on three theories: (1) witnesses can be subpoenaed nationwide in antitrust actions; (2) the depositions in question were only "discovery" depositions and not "evidentiary" depositions; and (3) of the 15 persons deposed, 6 of them appeared at the trial and provided part of the plaintiff's direct evidence. The court held for the plaintiff only as to the third argument. At 381, the court stated:
 "Plaintiff's second argument is that Rule 32(a)(3)(B) does not provide for admission of 'discovery' depositions. Plaintiff claims that the depositions it took of IBM's prospective witnesses are incomplete *Page 1295 
and 'discovery' in nature because they were taken to prepare for cross-examination. Plaintiff also claims that IBM's depositions of its proposed witnesses are 'incomplete' as plaintiff did not cross-examine its own witnesses. Plaintiff's argument is without merit. Rule 32 does not 'evidence a distinction as to admissibility at trial between a deposition taken solely for purposes of discovery and one taken for use at trial. . . .' Rosenthal v. Peoples Cab Co., 26 F.R.D. 116, 117 (W.Dist.Pa. 1960). Likewise, any decision by plaintiff to limit its questioning during depositions is not a bar to admissibility of the depositions under Rule 32(a)(3)(B)."
Footnote 7, at page 381 of the IBM case, explains that, prior to 1970, Fed. Rule 26(a) referred to depositions "for the purpose of discovery or for use as evidence." However, pre-1970 Rule 26(d) — now Rule 32(a) — did not state any distinction and courts have refused to recognize a distinction between "discovery" depositions and "evidentiary" depositions. In 1970, the phrase in old 26(a) was dropped to eliminate any confusion. The court concluded footnote 7 by stating: "Whatever glimmer of support plaintiff had under the old rules was extinguished by the 1970 revisions."
In the instant case, the defendants argue that the order entered by the trial court was within its discretionary authority to regulate discovery procedures, and that mandamus is appropriate only if a clear abuse of discretion is shown. On the other hand, the plaintiffs assert that Rule 32, Ala.R.Civ.P., gives them the absolute and unequivocal right to use Dr. Blake's deposition, so far as it is admissible, because he is a licensed physician.
While Rule 26 generally allows great freedom in discovery, Rule 32 and the rules of evidence control the use of depositions in court proceedings. The existence of one of the conditions set forth in Rule 32(a)(3) is to be determined at the time the deposition is offered into evidence, and if one of those conditions is satisfied then the deposition is freely admissible and may be used by any party for any purpose.
The defendants' contention that the plaintiffs did not give notice or otherwise advise the defendants of their intention to question Dr. Blake at his deposition to obtain information for use as evidence at the trial of this action is without merit. Rule 30(b)(1) requires a party desiring to take the deposition of any person upon oral examination to give reasonable notice in writing to every other party to the action. There is no requirement that the opposing party provide the party who noticed the deposition notification of the scope of his examination at the deposition. Therefore, in the instant case, the fact that the plaintiffs did not give the defendants notice of their intention to question Dr. Blake at his deposition to obtain information for use as evidence at the trial is not a proper ground for prohibiting the plaintiffs from reading the deposition to the jury.
We are not persuaded by the defendants' arguments that they had no opportunity for discovery from Dr. Blake regarding his qualifications and his opinions and the factual basis for his opinions other that an affidavit offered by the plaintiffs in opposition to the defendants' motion for summary judgment, and that to permit Dr. Blake's testimony in its present deposition form to be read to the jury deprives the defendants of the right to effective cross-examination of the witness. In other words, the defendants argue that they were entitled to know Dr. Blake's qualifications and opinions and the factual basis for his opinions in order to prepare a proper cross-examination.
While a party is entitled to this information from the opposing party's expert witness, the party seeking this information cannot restrict or limit the scope of the opposing party's examination or use of the deposition, because Rule 32(a)(3) provides that "[t]he deposition of a witness, whether or not a party, may be used by any party for any purpose" if the court finds that one of the enumerated conditions is satisfied. (Emphasis added.)
Rule 26(b)(4)(A)(i) provides:
 "A party may through interrogatories require any other party to identify each person whom the other party expects to *Page 1296 
call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."
Use of Rule 26 would have provided the information the respondents insist is essential to prepare a proper cross-examination. This information could have been obtained by the respondents prior to the taking of Dr. Blake's deposition.
The trial court's order impermissibly restricts the petitioner's use of Dr. Blake's deposition, in violation of both the letter and the spirit of the Alabama Rules of Civil Procedure.
Accordingly, the petition for writ of mandamus is granted.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.