Plaintiff Rhonda Hatton, as administratrix of the estate of Leonard Hatton, appealed from a summary judgment in favor of defendant Dr. Alfred H. Kent. On appeal she argues that it was error to exclude the testimony of one of her expert witnesses. She has also filed a petition for writ of mandamus relating to the exclusion of that expert's testimony. Because mandamus is an inappropriate means of reviewing a trial judge's discretionary act (in this case, exclusion of deposition testimony), Ex parte Taylor Coal Co., 401 So.2d 1 (Ala. 1981), and because mandamus will not lie when there is a remedy by appeal, Echols v. Housing Authority of Auburn, 377 So.2d 952
(Ala. 1979), we deny the petition for writ of mandamus and address only the issue raised by Hatton's appeal.
Leonard Hatton entered East Alabama Medical Center on August 30, 1984, complaining of fever and chills. Initial X-rays revealed a 5-centimeter mediastinal abscess in his chest. Although he was treated with antibiotics and tests were conducted to locate the source of the infection, he died on September 10, 1984. His wife, Rhonda, sued Dr. W.B. Whatley III, Dr. Kent, and East Alabama Medical Center[1] on November 8, 1985, alleging negligent provision of medical services.
The trial court struck the deposition and affidavit of one of Hatton's experts, who was to testify against Dr. Kent, and then, finding no scintilla of evidence on the issue of Dr. Kent's alleged breach of the appropriate standard of care, the trial court granted Dr. Kent's motion for summary judgment. Hatton appeals from that judgment, arguing that her other expert witness, Dr. Douglas Hurley, who was to testify regarding Dr. Whatley's breach of the standard of care, also provided the necessary scintilla of evidence on Dr. Kent's
breach.
Dr. Hurley is a board certified physician in Texas who specializes in the area of infectious diseases. His opinion, stated in his deposition, was that the standard of care applicable in this case mandated immediate drainage of Leonard Hatton's abscess, but that drainage was not performed either by Dr. Kent or by Dr. Whatley.
Dr. Kent argues that this deposition testimony does not provide the necessary scintilla because Dr. Hurley stated that he did not consider himself an expert in the area of thoracic surgery. While this is true, Dr. Hurley went on to state unequivocally that, although he could not give an opinion as to the appropriate procedure for drainage (because he did not feel qualified to do so), the abscess should have been drained immediately. In other words, he was reluctant to testify as to the method by which the drainage should have been accomplished.
Dr. Kent's other argument with regard to Dr. Hurley's deposition is that it should not be used against him because his attorney was initially told that Dr. Hurley would testify regarding Dr. Whatley's alleged breach of the applicable standard of care. Hatton's attorney concedes that he stipulated that Dr. Hurley would testify only against Dr. Whatley, but contends that this does not now preclude his use of Dr. Hurley's deposition against Dr. Kent to establish Dr. Kent's breach of the applicable standard of care.
A similar argument to restrict the use of a medical expert's deposition was rejected in Ex parte Coots, 527 So.2d 1292 (Ala. 1988), a medical malpractice case in which the defendant doctor attempted to draw a distinction between a "discovery" deposition and one that could be used as substantive evidence at trial. Specifically, the defendant doctor contended that the plaintiffs did not give notice or otherwise advise him of their intention to question the expert *Page 452 
witness at his deposition to obtain information for use as evidence at trial.
Although the issue in Coots is not identical to the present one, the defendant's argument in Coots of lack of notice regarding the use of a deposition is analogous to Dr. Kent's argument. Rule 32(a)(3), A.R.Civ.P., provides that "[t]he deposition of a witness, whether or not a party, may be used byany party for any purpose if the court finds: . . . (D) that the witness is a licensed physician or dentist." (Emphasis added.) Hatton notified Dr. Kent that both Dr. Hurley and the other expert witness would testify that Dr. Kent and Dr. Whatley failed to drain the abscess immediately. Thus, each expert witness's opinion would be that both doctors breached the same standard of care in the same way. The fact that Hatton now attempts to use Dr. Hurley's testimony against Dr. Kent to establish that breach is immaterial. Under these facts, the notice to Dr. Kent sufficiently informed him of the nature of Dr. Hurley's testimony, as required by Rule 26(b)(4)(A)(i). To hold differently would impermissibly limit the use of depositions under Rule 32(a)(3) and be "in violation of both the letter and the spirit of the Alabama Rules of Civil Procedure." Coots, 527 So.2d at 1296.
Because we are reversing this case on the scintilla issue, it is unnecessary for us to discuss the action of the trial judge in striking the testimony of Hatton's expert witness. The summary judgment is reversed and the cause is remanded.
87-1326 WRIT DENIED.
87-1333 REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.
[1] East Alabama Medical Center was dismissed from the case on May 13, 1988, and is not involved in this appeal.