PER CURIAM.
On April 23,1987, the Alabama State Bar (“the Bar”), pursuant to Rule 3(c), Ala.R. Disc.Enf., temporarily suspended the petitioner, S. Robert Brooks, III from the practice of law for the alleged conversion of his clients’ money. Brooks was convicted of theft, in the Mobile Circuit Court; on appeal the Court of Criminal Appeals affirmed, but on certiorari review this Court reversed the conviction and remanded the *410 case. Brooks v. State, 562 So.2d 601 (Ala.Crim.App.1989), rev’d, 562 So.2d 604 (Ala.1990). As a result, there has not yet been a final disposition of the criminal charges against Brooks.
On January 5, 1990, Brooks petitioned the Bar for a dissolution of the temporary suspension. On January 10, 1990, after a hearing, the Bar denied his petition and continued the temporary suspension in force until all pending disciplinary matters were concluded.[1] Brooks gave oral notice to the Disciplinary Board on January 10, 1990, of an intent to appeal but filed no written notice with the Bar. He did file the required notice of appeal with this Court. See Rule 8(d), Ala.R.Disc.Enf. • The first writing that the Bar received in reference to Brooks’s appeal was a document entitled “Notice of Filing of Transcript,” on March 21, 1990. However, although Brooks had had a-transcript prepared and had filed a copy of it in this Court, he did not furnish the Bar with a copy of the transcript, nor did he request from the Bar a record of the proceedings.
On March 20, 1990, Brooks filed with the Bar another “Petition for Dissolution,” seeking another hearing on the April 23, 1987, order. On March 27, 1990, the General Counsel of the Bar filed a motion to quash that petition. The Bar granted the motion to quash on March 28, 1990. Brooks has now filed three petitions for writs of mandamus with this Court. First, Brooks petitions this Court to issue a writ ordering the Bar to complete the record on appeal regarding its January 10, 1990, order. Second, Brooks asks this Court to issue a writ ordering the Bar to conduct a Rule 3(c) hearing in response to his March 20, 1990, petition. Third, Brooks asks this Court to issue a writ ordering the Bar and its General Counsel to “maintain the burden of proof in disciplinary hearings” conducted under Rule 3(c). For purposes of writing only one opinion, we have consolidated all three petitions for writ of mandamus.

The Record on Appeal

Brooks’s first petition asks this Court to order the Bar to complete the record on appeal concerning his appeal of the January 10, 1990, hearing. The Bar and Brooks agree that Brooks gave the Bar oral notice of his intent to appeal at the January 10, 1990, disciplinary hearing. Brooks did not provide the Secretary of the Alabama State Bar with a transcript of the January 10, 1990, Disciplinary Board hearing. The only written notice that the Bar received indicating Brooks’s intent to appeal was a document entitled "Notice of Filing of Transcript” although, in fact, no transcript was filed with the Bar.
Specifically, Brooks is asking this Court to order the Bar to acquire from the clerk of this Court the improperly filed transcript of the January 10, 1990, hearing and to complete the record on appeal. Brooks argues that he has done all he is required to do under Rule 8(d), by sending the transcript to this Court. We find this argument wholly without merit. Mandamus is an extraordinary writ, to be issued only where there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. C & G Development v. Planning Comm’n of the City of Homewood, 548 So.2d 451 (Ala.1989).
Under Rule 8(d), the appellant has the burden of perfecting an appeal from a disciplinary hearing. The appellant first must file a notice of appeal with the Clerk of this Court within 42 days after the Disciplinary Board’s decision. Brooks filed a notice of appeal within that time. Within seven days after filing the notice of appeal, the appellant must order from the court reporter a transcript of the testimony given at the disciplinary hearing. Brooks ordered the transcript from the court reporter. Seven days after the Secretary of the Bar receives the transcript from the appellant, the appellant must make arrangements with the Secretary of the Bar to *411 cover the cost of making photocopies of the record for the Supreme Court and the General Counsel.
In this case, Brooks has yet to furnish the Secretary of the Bar a copy of the transcript of the January 10, 1990, hearing. Therefore, under Rule 8(d), the Bar cannot complete the record. Once Brooks complies with Rule 8(d), by furnishing the Secretary of the Bar with the transcript, the Bar must complete the record on appeal within seven days. Under Rule 8(d), it is Brooks’s duty to provide the transcript to the Secretary of the Bar, not the Bar’s duty to acquire the transcript from wherever Brooks may deposit it. Brooks’s failure to provide the Bar a copy of the transcript is a self-induced impediment to the perfection of his appeal. Therefore, we deny Brooks’s petition for a writ of mandamus ordering the Bar to complete the record on appeal.

Rule 3(c) Hearing On March 20, 1990, Petition

Brooks’s second petition for writ of mandamus asks this Court to issue a writ ordering the Bar to hold a Rule 3(c) hearing regarding his March 20, 1990, “petition for dissolution” of the April 23, 1987, temporary suspension order. The General Counsel moved to quash that petition. The General Counsel’s motion to quash was based partly on the argument that Brooks had chosen a remedy by appealing to this Court on a substantially similar petition.
Brooks was given a full Rule 3(c) hearing upon filing his January 5, 1990, petition for dissolution of the April 23, 1987, temporary suspension. Mandamus is not a substitute for appeal and will not lie where there is a remedy by appeal. Ex parte Hatton, 547 So.2d 450 (Ala.1989); Echols v. Housing Authority of Auburn, 377 So.2d 952 (Ala.1979). Under Rule 3(c), if Brooks wished to challenge the Bar’s order of January 10, 1990, he should have perfected the appeal he began. Therefore, Brooks’s petition directed to this issue is denied.

Burden of Proof

Brooks’s third petition for a writ of mandamus asks this Court to order the Bar and its General Counsel to “maintain the burden of proof in disciplinary hearings.” Brooks argues that the Bar, in its use of Rule 3(c), violated his right to due process by requiring him to carry the burden of proof. To correct this alleged abuse, Brooks asks this Court to declare Rule 3(c) “unconstitutional or ... prescribe very limited circumstances under which it may be used.”
Mandamus is not a substitute for appeal and is not available when there is a remedy by appeal. Ex parte Hatton, supra; Echols, supra. In this case, the proper method for Brooks to test the constitutionality of Rule 3(c) would have been through an appeal from the January 10, 1990, ruling, pursuant to Rule 8(d). We note that as of this date Brooks’s appeal from the January 10, 1990, ruling is pending in this Court. Therefore, his petition directed to this issue is denied.
WRITS DENIED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.

. The record in this Court does not indicate what disciplinary proceedings may be pending.